Argued April 13, decided May 31, 1911.

## TEMPLETON v. LLOYD.

[115 Pac. 1067.]

Chattel Mortgages—Foreclosure—Evidence.

In an action to foreclose a chattel mortgage evidence *held* to sustain judgment for plaintiff for the amount of the note secured.

From Multnomah: John B. Cleland, Judge.

Statement by Mr. Justice Bean.

This is a suit by C. R. Templeton against Cecil B. Lloyd. The facts are substantially as follows:

On May 21, 1909, defendant executed to plaintiff a note, due in 90 days, for $2,000, with interest at 8 per cent, and a mortgage to secure the payment of the same upon one Stearns touring car, No. 1116. The note not being paid this suit was brought. The complaint sets forth the note and mortgage, which were duly recorded.

Affirmed.

For appellant there was a brief and an oral argument by *Mr. J. F. Boothe.*

For respondent there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant admits the execution of the note and mortgage, but denies the note is due, and asserts that the note and mortgage were given to indemnify plaintiff on account of his signing a note of L. F. Templeton for the sum of $700, dated May 21, 1909, and that plaintiff has not paid such note. In regard to the transaction, plaintiff testifies:

"I got the note for the transfer of an automobile, not this one, but another one to which I held the title, valued at $2,000."

While defendant testifies in regard to the car for which the note and mortgage in question were given, "the car was sold to me. The bill of sale was issued by Mr. C. R. Templeton to me"—it also appears that defendant, Lloyd, took title to the car for which the Thomas Flyer car, sold by plaintiff to defendant, was exchanged. Defendant also testifies that the chattel mortgage and note had nothing to do with the interest of $2,000 given L. F. Templeton in the new car, and to the question, "and to insure L. F. Templeton the $2,000.00, you promised to pay for the Thomas Flyer machine?" replied: "That is what we started out on, but before we wound up it had nothing to do with this." L. F. Templeton, in reply to the query, "and it is the same Thomas Flyer that C. R. Templeton held the legal title of for you?" answered in the affirmative, on cross-examination testifying as follows:

Q. "Well, on May 21st, at the time this note and mortgage was given, didn't Dr. C. R. Templeton insist on that note and mortgage being given, so that it would protect

you and himself to the extent of $2,000, which amount Mr. C. B. Lloyd agreed to pay you for your Thomas Flyer machine?"

A. "Well, yes; it was given in protection of both."

Without considering the nature or form of the answer, the evidence shows clearly that the note of $2,000 was given in consideration for an automobile sold by plaintiff to defendant. That defendant would execute a note and mortgage for $2,000 simply to indemnify plaintiff for signing a note of but $700 seems unreasonable. The amount is out of proportion. Much of the testimony relates to transactions between defendant and L. F. Templeton, which are not within the issues in this suit, and will not be considered.

The trial court we think correctly determined that full value was given for the note in question, and that the same is due, resulting in its findings for plaintiff.

Finding no error, the decree of the lower court is affirmed.                                    AFFIRMED.

---

On Motion to Dismiss decided June 28, 1910. Motion Renewed and Decided on the Merits May 31, 1911.