Argued January 7, decided January 27, rehearing denied February
17, 1914.

# TEMPLETON *v.* COOK.*

## (138 Pac. 230.)

**Judgment—Conclusiveness—Matters Concluded.**

1. A decree in a suit to foreclose a mortgage, affirmed on appeal,
determining the amount of the debt, is conclusive on that point in
a subsequent creditor's suit to reach property of a surety on the
appeal bond of defendant in the former suit in the hands of a third
party.

> [As to the conclusiveness of a judgment foreclosing a mortgage,
> see note in 18 Am. St. Rep. 790.]

**Fraudulent Conveyances—Remedies of Creditors—Creditors' Suit.**

2. Where the evidence shows that provisions for the payment of
the price of land to the vendor's wife were made to put it out of the
reach of creditors, a creditor could recover the money so paid, not-
withstanding a claim that the money was to be paid to the wife in
consideration of her inchoate dower interest in the land.

> [As to transfers between husband and wife considered as
> fraudulent conveyances, see notes in 19 Am. St. Rep. 657; 20 Am.
> St. Rep. 715; 90 Am. St. Rep. 497.]

**Equity—Pleading—Cross-complaint or Cross-bill.**

. 3. Under Section 390, L. O. L., abolishing cross-bills, except that in
an action at law in certain cases the defendant may file a complaint in
the nature of a cross-bill, there is no such pleading as a cross-bill or
cross-complaint in a suit in equity; it being contemplated that the
relief by counterclaim provided by Section 401 will be ample.

**Setoff and Counterclaim—Subject Matter.**

4. A counterclaim in an equity suit must be one on which a suit
might be maintained by the defendant against the plaintiff in the suit.

> [As to setoff, recoupment and counterclaim, as distinguished
> from each other, see note in Ann. Cas. 1914B, 119.]

**Principal and Surety—Remedies of Creditor—Issues and Proof.**

5. In a creditor's suit to reach the property of a surety on an
appeal.bond, the question whether the liability of two sureties being
joint can be varied by proof of the circumstances of the signing of the
undertaking, can be presented only by concise issues, and primary lia-
bility of one and secondary liability of the other established only by
definite proof.

**Pleading—Form of Allegations—Conclusion of Law.**

6. A statement in a pleading that of two sureties who signed an
undertakng one was primarily liable states only a conclusion of law,
contrary to the terms of the contract.

---

*The authorities on the burden of proof as to fraud against cred-
itors in transfer from husband to wife are reviewed in a note in 56
L. R. A. 823.                                         REPORTER.

From Multnomah: HENRY E. McGINN, Judge.

This is a suit by C. R. Templeton against W. E. Cook and Martha E. Cook, his wife, S. R. Wentworth, L. F. Templeton and Finley Morrison. From the decree rendered, the defendants, W. E. Cook and wife, appeal. The facts are set forth in the opinion of the court.                                   MODIFIED.

For appellants there was a brief over the names of *Mr. George S. Shepherd* and *Mr. Edward Joshua Clark,* with an oral argument by *Mr. Shepherd.*

For respondent C. R. Templeton there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

For respondent Finley Morrison there was a brief over the name of *Messrs. Stapleton & Sleight,* with an oral argument by *Mr. R. Sleight.*

For respondent S. R. Wentworth there was a brief over the name of *Messrs. Reed & Bell.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a creditor's suit to reach property in the hands of a third party, namely, money due from the defendant Wentworth to the defendant W. E. Cook, as the price of land sold by W. E. Cook to him; the price being made payable to Martha E. Cook, which is alleged to have been done in fraud of plaintiff's rights. The facts out of which this proceeding arose are that the plaintiff, having a chattel mortgage on an automobile to secure the payment of the sum of $2,000, brought an action of replevin to recover possession of the automobile; and soon thereafter brought a suit against Lloyd, the mortgagor, to foreclose the mort-

gage. In the suit the defendant Lloyd contended that the debt secured was in the sum of $700 only. Both cases were brought to the Supreme Court. This court held in the suit that the plaintiff gave full value for the $2,000 note and mortgage, and rendered a decree affirming the decree of the lower court, which was a judgment for $2,000, and for the sale of the mortgaged property (*Templeton* v. *Lloyd,* 59 Or. 50 (115 Pac. 1067), and affirmed the judgment of the lower court in the replevin action for the possession thereof. Upon the appeal in the suit W. E. Cook was surety on the undertaking for appeal, and judgment was rendered against him also for the sum of $2,000, the amount of the decree and costs.

1. By the answer in the present case the defendants attempted to raise an issue that the Lloyd debt secured by mortgage was not $2,000, but only $700, and that that amount had been paid; but the amount of the debt is *res adjudicata* in the decree and cannot be questioned in this proceeding: *Templeton* v. *Lloyd,* 59 Or. 50 (115 Pac. 1067). The answer in this case seeks again to revive the issue as to the consideration for the mortgage—different from that made in the suit of *Templeton* v. *Lloyd;* but that issue is concluded by the decree in the former suit. If any payment of that judgment has been accepted expressly or impliedly by the plaintiff in lieu of that provided for in the judgment, it would be a defense here; but no facts are alleged tendering such an issue.

2. The second defense is that the land sold by W. E. Cook and his brother to Wentworth was an inheritance from their father, but that Martha E. Cook, the wife of W. E. Cook, had an inchoate dower interest in W. E. Cook's part thereof, and that it was agreed that the balance of the price of W. E. Cook's part, after payment of the expenses and less $1,200 already paid

to him, should be paid to Martha E. Cook, which was alleged to be in consideration of her interest in the land. There is no showing as to what the law of Minnesota is as to the wife's dower, but in any event the value thereof was very small and incapable of definite ascertainment for the reasons shown in *Kuratli* v. *Jackson*, 60 Or. 203 (118 Pac. 192, 1013, Ann. Cas. 1914A, 203), and there are no facts before us from which we can estimate it. It is sufficient to say that it appears from the evidence that the provisions for the payment to Martha E. Cook of W. E. Cook's part of the money, the price of the Cook land sold to Wentworth, was intended to put it out of the reach of the creditors of W. E. Cook and especially of this plaintiff; and the decree on the issues between the plaintiff and W. E. and Martha E. Cook should be affirmed.

3. There was a pleading filed in this case by Finley Morrison labeled ''cross-complaint''—we suppose meaning cross-bill. This record does not show what the title of the original creditor's suit begun by C. R. Templeton was, nor whether or not Morrison was a party defendant. None of the parties have questioned Morrison's right to file this pleading as a cross-complaint, but there is no such pleading known to our practice in equity cases. The only provision for a cross-bill is contained in Section 390, L. O. L., and by that cross-bills are abolished, except in actions at law in certain cases. It was contemplated by this statute that the provision for a counterclaim in equity cases, as provided for by Section 401, L. O. L., would be ample to include any and every relief available to a defendant in a suit, and we can conceive of no case in which it would not be complete. The only reason a cross-bill is permitted in an action is to provide equitable relief for a defendant where his defense at law is not adequate.

4. Even though we consider the cross-complaint before us as a counterclaim, yet a counterclaim permissible in an equity case shall be one upon which a suit might be maintained by the defendant against the plaintiff in the suit. Here the counterclaim does not refer to the plaintiff nor claim any relief against him, it has no reference to the subject of the creditor's suit, and should not have been entertained by the Circuit Court: *Howe* v. *Kern,* 63 Or. 494 (125 Pac. 834, 128 Pac. 818). However, W. E. and Martha E. Cook have answered that pleading without question, and they would probably be precluded from hereafter questioning the jurisdiction of the court, and we will review the merits of the part of the decree relating thereto.

5. The creditor's suit is to secure the application of Cook's part of the Wentworth money upon an execution issued upon the decree affirmed by this court May 31, 1911, which is Circuit Court case No. 7946; the decree being against Lloyd and W. E. Cook, who alone appear as surety on the undertaking. The counterclaim has reference only to an undertaking in an entirely different case, the replevin action, being Circuit Court case No. 7937, which said undertaking was given for the release of the property taken by the plaintiff in the replevin proceeding, upon which W. E. Cook and Finley Morrison were sureties and upon which undertaking plaintiff obtained judgment in the Circuit Court in the action of *Templeton* v. *Lloyd, Cook, and Morrison,* in the sum of $2,500, interest and costs. That case has no relation to the undertaking upon which the decree and execution here involved are based, except that possibly a payment of one of the judgments might be at least *pro tanto* a satisfaction of the other. The pretended counterclaim here does not disclose very accurately what relief is desired, as Morrison is in no way liable on the undertaking or judg-

ment, the basis of the creditor's suit. If he desires to litigate the relative rights and liabilities of Cook and Morrison upon the joint undertaking in the replevin action, such a determination will not benefit him nor give him any claim on the money involved here. The question sought to be determined is whether the liability being joint can be varied by proof of the circumstances of the signing of the undertaking by Cook and Morrison, Lloyd being the principal, and whether Cook should be held primarily liable as between them. This question can be presented only by concise issues and established by definite proof to vary the legal effect of the undertaking. Such an issue is not definitely tendered, nor is there any evidence from which the court can determine it.

6. The statement in the counterclaim that Morrison and Cook both signed the undertaking and that Cook was primarily liable on the undertaking states only a conclusion of law, contrary to the terms of the contract, and the evidence is insufficient to show that Cook was the principal on the undertaking or agreed or was bound to save Morrison harmless. It does not even show that Cook requested him to sign it.

The decree in this case so far as it is in favor of the plaintiff and against W. E. and Martha E. Cook is affirmed; and, so far as it adjudges that, as between Cook and Morrison, W. E. Cook is primarily liable to Templeton upon the redelivery undertaking, it is reversed and the counterclaim dismissed. MODIFIED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.