Argued January 20, modified February 10, affirmed on rehearing April 14, 1914.

# WILLIAMSON *v.* ROBERTS.

(138 Pac. 840; 140 Pac. 633.)

**Judgment—Conclusiveness—Matters Concluded.**

1. In a suit for accounting under an agreement whereby the plaintiffs had delivered to defendant the output of hops on land which they had purchased, but the legal title of which the defendant held, the proceeds of the hops to be applied to the repayment of advances made by defendant, a decree of foreclosure of a mortgage given by defendant on the land, in a suit to which the plaintiffs were parties, but in which no issues were determined between the present plaintiffs and defendant, is not an estoppel to the maintenance of the suit for accounting.

> [As to the conclusiveness of judgment foreclosing a mortgage, see note in 18 Am. St. Rep. 790. As to the elements necessary to the conclusiveness of a judgment in another action, see note in 8 Am. St. Rep. 229.]

**Estoppel—Equitable Estoppel—Acquiescence.**

2. Under an agreement by which plaintiffs delivered hops to defendant, the proceeds of which were to apply on the repayment of advances made by defendant to plaintiffs, the fact that the plaintiffs' had access to the defendant's books of accounting and knowledge of the distribution of the hops, and acquiesced therein, does not estop them from maintaining a suit for accounting in the absence of a showing that defendant acted on some representation of plaintiffs to his injury.

> [As to estoppel by acquiescence of silence, see notes in 57 Am. Rep. 429; 10 Am. St. Rep. 22.]

**Payment—Rights of Parties.**

3. Where plaintiffs delivered hops to defendant to apply on the repayment of advances made by defendant, he should credit plaintiffs with the value of the hops at a time when plaintiffs urged their sale, and not merely with a less value at which they were subsequently sold.

ON REHEARING.

**Trusts—Express Trusts—Taking Title to Land Paid for With Another's Money.**

4. Where a purchaser of land, on securing a loan, has the title transferred directly to the creditor, the latter becomes the trustee of the title for the purchaser.

**Appeal and Error—Review—Retrial in Appellate Court.**

5. On appeal in a suit for an accounting, where the abstract brings up the record relating to the interlocutory decree, but not the itemized account filed by the defendant pursuant thereto, nor plaintiffs' answer, the case upon the accounting is not in the Supreme Court for retrial.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by L. A. Williamson and Nettie Williamson, his wife, against A. G. Roberts. From a decree in favor of plaintiffs, defendant appeals. The facts are fully stated in the opinion of the court.

MODIFIED: AFFIRMED ON REHEARING.

For appellant there was a brief over the names of *Mr. John H. McNary* and *Mr. Charles L. McNary,* with an oral argument by *Mr. John H. McNary.*

For respondents there was a brief and an oral argument by *Mr. Claire M. Inman.*

Department 2.    MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit for an accounting. The plaintiffs contracted for the purchase from one Emmett of a tract of land containing 13.5 acres for the price of $540, and in the fall of 1902 paid thereon $100 and interest. They allege that in February, 1904, they contracted to purchase an adjoining 13 acres from the said Emmett at the price of $55 an acre; that they are husband and wife, and that defendant is the father of the plaintiff Nettie Williamson; that plaintiffs had made default in payment on the purchase price of the first tract of land, and Roberts gave them the money on February

12, 1904, to pay the interest then in default, amounting to $148.60, and offered to pay the balance on the purchase price of that tract, which he did on February 15, 1904; that he offered to and did purchase for the plaintiffs the adjoining 13 acres at the price of $715, on condition that the plaintiffs would repay such advances with interest at 8 per cent per annum, taking the title to both tracts in his own name as security for the sum so advanced; that he also agreed to advance to the plaintiffs money to plant and care for a hopyard thereon; that plaintiffs entered into the possession of the second tract, also, and worked and improved both tracts, set out a hopyard, cultivated, wired and cared for it, improving the house and barn, built other outbuildings and fences, resided thereon until November, 1910, and, as agreed, delivered the hop crop each year to the defendant, the proceeds of which were to be applied in payment upon the money advanced by the defendant for the care of the crop and upon the purchase price of the land; that in the meantime the defendant mortgaged the land to Ladd & Bush to secure the repayment of a loan obtained by him from said Ladd & Bush; that thereafter Ladd & Bush brought suit to foreclose said mortgage against the said Roberts and Williamson and wife, in which a decree was rendered on June 26, 1909, and the said land was thereafter sold upon execution issued thereon to Ladd & Bush for the sum of $3,925.

1. By the answer the defendant pleads in estoppel the said proceedings in the foreclosure suit, in which plaintiffs Williamson and wife answered, setting up their equity in the land and notice thereof to Ladd & Bush at the time they took the mortgage thereon, and that whatever interest they acquired thereby was subsequent and subject to the equities of Williamson and wife. No issues were tendered in that suit between

Williamson and wife and the defendant, Roberts. The only issues were between Ladd & Bush and the Williamsons, in which no controversy was suggested or could have been adjudicated between the defendants, as such a controversy could not be a counterclaim in an equity proceeding: See *Templeton* v. *Cook,* 69 Or. 313 (138 Pac. 230). The decree in that case is not an estoppel against the Williamsons in this.

2. The third defense is pleaded as an estoppel namely: That plaintiffs had access to defendant's books of account and knowledge of the disposition of the hops, and acquiesced therein. This does not contain the elements of an estoppel as showing that defendant acted upon some representation of Williamson to his injury, although the facts recited therein, if proved, may be competent evidence upon the accounting. Plaintiffs, not being estopped by the adjudication in the foreclosure case, were entitled to an accounting, as shown by defendant's own testimony, and there was no error in the order requiring the accounting.

Neither the findings of the trial court in regard thereto nor any statement of the account is contained in the record or in the briefs. The evidence is very indefinite as to what items of the account are controverted. No definite dates or figures are given except in defendant's journal (exhibit 4), other than as to the price of the crop for the year 1906. Defendant's book shows there was a balance due him from the Williamsons of $468.07 on April 22, 1906, for advances made in the year 1905, over and above the value of the hops for that year, and during the year 1907 defendant advanced to plaintiffs, in excess of the amount received for the 1907 crop, $139.47. We accept these figures as correct. On February 12, 1904, defendant advanced to plaintiffs to pay interest to

70 Or.—9

Emmett $148.60, and on February 15, 1904, paid the balance due Emmett on the first tract of land, $540. On March 11, 1904, he paid to Emmett the price of the second tract, $715.

3. As to the sale of the hop crop of 1906, defendant testifies that the hops were not cured and baled in time for sale on the early market in October, and that the price was going down. at that time. He admits that plaintiffs wanted him to sell at 15 cents which it appears could have been obtained prior to November 15th, and defendant agreed to sell at that price, but says that the best offer he could get was 12½ cents, that the price continued thereafter to drop until it reached 9 cents, and that he finally accepted an offer of 9¼ cents. Plaintiff L. A. Williamson testified that he started to bale the 1906 hops in the last of September, and says the price at that time was 15½ cents; that Roberts wanted to hold for 20 cents, and asked him if he would take 15 cents, and he said, "Yes; sell for what you can get." This was on the 2d of November. Lachmund, who was a hop dealer, testified that from October 15th to November 15th the market price was about 15 to 15½ cents; that at that time the hop market was very active. Livesley, also a dealer, testified that during the same period the price was 15 cents. It appears that Lachmund bought the hops at 9¼ cents in February, 1907. As defendant received the hops, and was to sell them and credit the amount on the Williamsons' debt to him, and plaintiff having urged him to sell about the 1st of November, he should credit the amount of the value of the hops at that time on plaintiffs' debt. Without mentioning all the items of the Roberts' account, as shown by his journal, which are not specifically disputed, and taking the balances shown to be due him, with interest to the date of the sale of the land, November 21, 1910,

and the item of the 1906 crop, the account would stand as follows:

Roberts in Account With Williamsons, Dr.

1906.
Nov. 15.  To 10,010 pounds hops at 15 cents .....$1,501 50
          Less advances made for crop......... 927 09
                                                ————— $ 574 41
          Interest from November 15, 1906, to November
          21, 1910.................................... 184 73
1910.
Nov. 21.  To proceeds sale of land...................... 3,965 00

                                                $4,724 14

Contra, Cr.

1906.
Apr. 22.  By advances in 1905 in excess of crop.......... $ 468 07
          Interest to November 21,. 1910................ 172 34
1908.
Jan. 10.  By advances in 1907. in excess of crop......... 139 47
          Interest on same............................ 34 17
1904.
Feb. 12.  By check advanced to pay interest to Emmett... 148 60
          Interest on same............................ 83 21
1904.
Feb. 15.  By amount on the first tract of land.......... 440 00
          Interest on same............................ 246 40
Mar. 11.  By amount paid on second tract............... 715 00
          Interest on same............................ 373 24

                                                $2,820 50

          Balance due Williamsons November 21, 1910.... $1,903 64
          Interest to February 9, 1914................. 487 10

                                                $2,390 74

—which is the amount for which defendant is indebted to the plaintiffs.

The decree of the Circuit Court will be modified accordingly.                           MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, and MR. JUSTICE BEAN concur.   MR. JUSTICE MCNARY not sitting.

Decided April 14, 1914.

ON PETITION FOR REHEARING.

(140 Pac. 633.)

MR. JUSTICE EAKIN delivered the opinion of the court.

4. The petition by defendant for rehearing is based upon the theory that he purchased the ground with his own money for himself, and therefore no trust resulted; but the evidence quoted in the petition shows that the money advanced by defendant was a loan to plaintiffs. Therefore the payment was by plaintiffs, and the title was taken in defendant's name as security for the repayment thereof. The case is clearly within the rule announced in *Hall* v. *O'Connell,* 52 Or. 164 (95 Pac. 717, 96 Pac. 1070).

5. In plaintiff's motion for rehearing attention is called to the fact that, while the abstract brings up the record relating to the interlocutory decree entered July 10, 1912, it does not bring up the itemized account filed by defendant in pursuance of the interlocutory decree, and plaintiffs' answer thereto making the issues upon the accounting, presenting only alleged errors by the court in rendering the interlocutory decree.

Therefore the case upon the accounting is not here for retrial, and the former decree of this court will be modified by affirming the decree of the lower court.

It is so ordered.        AFFIRMED ON REHEARING.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE BEAN concur. MR. JUSTICE MCNARY not sitting.