Argued October 16; affirmed November 26, 1935; rehearing denied
January 28, 1936

# LUND *v.* LUND
(51 P. (2d) 1031)

*Porter J. Neff*, of Medford (Neff & Frohnmayer and T. J. Enright, all of Medford, on the brief), for appellants.

*L. M. Curl*, of Albany, for respondent.

BELT, J. This is a suit to foreclose a mortgage on real property. It arose out of the following facts: In 1929, the defendant F. A. Bates, father of plaintiff herein, purchased an alleged gold mine in Jackson county. The money with which to pay the balance of the purchase price, viz, $2,500, was furnished by the defendant Jacob F. Lund and his wife, the plaintiff Margaret Bates Lund. Pursuant to agreement, Lund and his wife were named as grantees in the deed of conveyance, in order to secure them for the money thus advanced. It is conceded in the brief of appellants that this conveyance, although in form a deed, was in fact a mortgage.

In 1932, Bates and his wife joined the Lunds in a contract to sell the mining property to the Black Chan-

nel Mines, Inc., for $25,000. The company took possession of the property and mined the same for a short time but, sad to relate, paid nothing on the purchase price.

After this sale, the Bates and the Lunds entered into an agreement whereby their equities in the anticipated proceeds of the sale were fixed and determined. It was stipulated therein that the equity of Jacob F. Lund in the proceeds of sale amounted to $4,783, covering the sum advanced to Bates together with accrued interest and taxes. It was further provided therein that all payments made by the Black Channel Mines, Inc., should be divided "fifty-fifty between Jacob F. Lund and wife and F. A. Bates and wife" until the full sum of $4,783 was paid to Jacob F. Lund and wife and a similar sum paid to F. A. Bates and wife. The remainder of the purchase price to be paid was to go exclusively to F. A. Bates, "free from all claims of ownership of said Jacob F. Lund and wife".

Numerous labor liens were filed on the property as the company was unable to meet its financial obligations. Soon thereafter suit was instituted in Jackson county to foreclose the liens. Although Bates and his wife and Lund and his wife were served in the foreclosure proceeding, the defendant Jacob F. Lund alone appeared and contested the amount of the lien claims. He succeeded in obtaining a substantial reduction in the amount alleged to be due, but a decree of foreclosure was entered and the property sold on execution to one R. D. Shelley.

While the suit for foreclosure of the labor liens was pending, the defendant Lund commenced a proceeding to foreclose what he termed an equitable mortgage. In this suit, strange to say, reliance was had

upon the above contract fixing the equities of the parties in the purchase price rather than upon the deed held by him and his wife as security for the money advanced to Bates. Bates and his wife were made defendants and served with summons in said suit, but the wife of Lund was not made a party nor did she make any appearance therein. A decree was entered to the effect that Bates and wife were indebted to Lund in the sum of $5,135.13, together with interest and attorney fees, and the property was ordered sold upon execution to satisfy such indebtedness. However, no sale was ever had under this decree.

After the property was sold upon execution in the lien foreclosure proceeding, the defendant Lund took steps to redeem the same. The decree which Lund obtained in the alleged mortgage foreclosure proceeding was assigned to his now attorney, Porter G. Neff, to enable him, as judgment creditor, to redeem the property. It was necessary to obtain funds with which to accomplish such redemption. Hence, Lund entered into a contract with the defendant Walter M. Robertson whereby the latter agreed to advance $2,400 to be used for the purpose of redemption. It was understood that Lund would redeem the property and sell the same to Robertson, subject to the right of redemption by Bates and his wife. With the money thus obtained Porter G. Neff redeemed the property from Shelley and a certificate of redemption was issued to him. Mr. Neff, now appearing as counsel for appellants, had no part in the foreclosure proceeding instituted by Lund. He frankly concedes that he has no personal interest in the property in controversy; that, in making the redemption, he was acting for and on behalf of Lund; and that whatever title he thus obtained as redemptioner he holds in trust for Lund.

Thereafter the instant suit was commenced by the plaintiff who alleges in effect that she is a co-mortgagee with her husband, the appellant Jacob F. Lund, and has a common interest in the funds loaned to her father, the defendant F. A. Bates, for the purchase by him of the property involved herein. It is her theory that the conveyance wherein she and her husband were named as grantees, although in form a deed, was in fact a mortgage and that since she was not made a party in the foreclosure proceedings instituted by her husband, she has not been divested of her interests in the property. She alleges in substance a scheme on the part of her husband to wrongfully deprive her of her interest in the property as a co-mortgagee and to cheat and defraud her parents, the defendants Bates, for whom the legal title, under and by virtue of the mortgage deed, was held in trust. In the prayer of her complaint she asks that the decree obtained by her husband in the foreclosure proceedings be declared null and void; that the conveyance wherein she and her husband were named as grantees be declared a mortgage; that any title acquired by Porter J. Neff as redemptioner be declared to be held in trust for the plaintiff and her husband, as mortgagees, and the defendants Bates; that the mortgaged premises be sold to satisfy the amount due her and her husband; and that the overplus, if any there be, be paid to the defendants Bates.

The trial court entered a decree in favor of the plaintiff in accordance with the prayer of the complaint, with the exception that the defendant Robertson was given a prior lien on the property on account of the money advanced by him to Lund for redemption purposes. It was further decreed that Lund had no right or authority to contract to sell to Robertson the prop-

erty involved herein and that the latter acquired no right or interest in the property by virtue of such contract.

In this appeal by the defendants Lund and Robertson, the following contentions are made: (1) That Neff redeemed from the lien foreclosure sale as a lien creditor and thereby acquired all the rights of a purchaser at the sale; (2) that Lund did not occupy any position of trust towards Bates which prevented him from obtaining, by virtue of the redemption by Neff, an adverse title to the premises as against Bates and wife; (3) that Margaret Bates Lund has no interest in the deed secured by the equitable mortgage; (4) that, even if it be assumed that the plaintiff was a co-tenant with the defendant Lund in the ownership of the deed secured by the equitable mortgage, she would have no interest in the title to the real property acquired by virtue of the redemption, for the reason that she and defendant Lund were never co-tenants in the ownership of the title to the real property; (5) that, even though it be assumed that plaintiff and defendant Lund were co-tenants for all purposes, Lund, under the circumstances of this case, had the right to redeem and acquire title adverse to his co-tenant; (6) and that, even though it be assumed that the plaintiff had an interest in the property by virtue of the redemption by her co-tenant, she is precluded from asserting such right for the reason that she failed to tender, within a reasonable time, her share of the costs of such redemption.

■■ We think the record discloses an intention on the part of the defendant Lund to wrongfully deprive his wife of her interests as co-mortgagee and to violate his trust relationship with Bates and his wife. The defendant Lund first assumed the position that there was an absolute deed of conveyance to him and his wife, al-

though at such time he well knew that such conveyance was made to secure payment of money advanced to Bates. In his answer he "denies that there was any understanding that said deed was to stand as security for money advanced as alleged in the complaint". The interrogatories propounded in the deposition of his witness C. L. Le Sourd also indicates an intention to assert absolute ownership of the property by virtue of said conveyance. In support of the above conclusion we also direct attention to the following letter to the plaintiff written by Lund's then attorney, prior to the commencement of the instant suit:

"Your husband, Jacob Lund has been to my office relative to liens etc. filed against the Black Channel Mining Co.

"In looking up the records of the mine I find title to the same standing in the names of yourself and your husband and he asked me to advise you that you and he could deed the mine in case of sale without interference from any one else whomsoever.

"No one else save the lien holders have any interest in said mine according to the records."

The plaintiff made no reply to this letter. On trial the evidence was overwhelming to the effect that the deed was given to secure the payment of money. Lund did not testify and offered no evidence to refute the contention of the plaintiff. It is now frankly conceded on appeal that the instrument in question was in truth a mortgage. At this juncture we may also state that it has been established with equal certainty that the plaintiff had a common interest in the funds advanced to her father to enable him to complete the purchase of the mine.

Having found that plaintiff is a co-mortgagee and that the defendants Bates and his wife were at one time the owners of the property in question, we pass to

a consideration of the effect on their respective interests of the decree obtained by Lund. It is clear that plaintiff was a necessary party as she was united in interest with her husband in the mortgage: § 6-106, Oregon Code 1930. Since she was not joined as a party plaintiff or defendant, it is certain that she was not divested of her interests by such proceeding. The alleged forclosure proceeding instituted by Lund did not involve an equitable mortgage. Such suit was based on a contract merely fixing the equities of the parties thereto in the anticipated proceeds of a sale to the Black Channel Mines, Inc. The decree obtained was not in rem. It was a nullity so far as foreclosing any interests of Bates and his wife in the property is concerned. It will be recalled that no sale on execution was had. The most that can be claimed is that such proceeding resulted in a judgment for the amount of indebtedness alleged in the complaint to be due. When such judgment was docketed it became, however, a lien on the property.

■ It is urged that the assignment of the judgment enabled Neff, as judgment creditor, to redeem the property from the purchaser at the lien foreclosure sale. Lund and his wife, under and by virtue of the mortgage, held the legal title in trust for Bates: *Hall v. O'Connell*, 52 Or. 164 (95 P. 717, 96 P. 1070); *Williamson v. Roberts*, 70 Or. 126 (138 P. 840, 140 P. 633). It is true, as argued by appellants, that such relationship did not preclude Lund from being a purchaser at a mortgage foreclosure sale, but this contention, in our opinion, is beside the question, as no mortgage foreclosure sale is involved. We think that such trust relationship, however, did preclude him from acquiring an outstanding title to the prejudice of the beneficiaries under the trust. Hence, whatever title he thus acquired through his agent Neff would inure to the bene-

fit of the beneficial owners: *Moore v. Simonson,* 27 Or. 117 (39 P. 1105); *Webster v. Rogers,* 87 Or. 547, (171 P. 197). The principles above stated are equally applicable to Lund and his co-mortgagee, the plaintiff herein.

 It was in keeping with equity that Robertson should be reimbursed for the money advanced to Lund for the purpose of redemption. Otherwise, plaintiff and the defendant mortgagors might have been deprived of any interest in the property. We see no merit in the contention that plaintiff was obliged to tender her share of the money paid to redeem the property, as a condition precedent to the maintenance of this suit.

The decree of the lower court is affirmed. Plaintiff is entitled to costs and disbursements in this court.

KELLY, J., not sitting.

CAMPBELL, C. J., concurs in the result.

BAILEY, J., dissents.