AYERS *v.* CHICAGO.

1. The order of the Circuit Court remanding a cause to the State court whence it was removed is reviewable here.
2. *Removal Cases* (100 U. S. 457) cited ánd approved.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The facts are stated in the opinion of the court.

*Mr. Melville W. Fuller* for the appellant.
*Mr. W. C. Goudy, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

On the 27th of December, 1873, David A. Gage and Eliza M., his wife, citizens of Illinois, conveyed to George Taylor, also a citizen of Illinois, a large quantity of real estate in Cook County, Illinois, in trust to secure the city of Chicago, an Illinois municipal corporation, against loss by reason of the indebtedness of Gage as treasurer of the city. The trustee was authorized to take possession of· and manage the property, collect the income, pay taxes, &c., and, under the direction and with the concurrence of the comptroller of the city, sell and

convey the property as soon as it could be done to the interest of all concerned, paying the proceeds into the treasury of the city in liquidation, *pro tanto*, of whatever sum shall be found due from Gage, as late treasurer, to the city. If, when the debt was paid, any of the property remained unsold, it was to be reconveyed to Gage. Should the debt not be paid in eight months, the comptroller was authorized to order a peremptory sale, on such terms as to him seemed best. The amount of the debt to the city was not stated in this deed of trust.

On the 20th of October, 1874, the city of Chicago filed a bill in equity in the Superior Court of Cook County against Gage and his wife and Taylor to enforce this trust. In the bill it was alleged that the debt of Gage to the city amounted to something more than $500,000 ; that more than eight months had elapsed since the execution and delivery of the deed of trust ; and that the comptroller of the city had directed Taylor, the trustee, to make a peremptory sale of the property, or so much thereof as was necessary, for cash, but that he had refused to do so. The prayer of the bill was that the amount due from Gage to the city might be determined, and that Taylor might be directed to sell the property to pay the debt.

On the 17th of November, 1874, Gage and his wife answered, admitting the execution of the trust-deed, but denying " that there was any indebtedness due from said David A. Gage to the said city, which it was his duty to pay over to his successor," and denying " that said Gage neglected, failed, or refused so to do." To this answer a replication was filed December 22, and, December 30, Taylor answered, admitting all the allegations of the bill except as to the amount due the city, and declaring his willingness to proceed with the execution of the trust as soon as the amount of the debt was ascertained. April 2, Gage moved the court for a continuance of the cause on his affidavit showing the absence of a material witness, by whom he expected to prove his defence against the account as made out by the city.

On the 5th of April, 1875, while this motion for a continuance remained undisposed of, William T. Ayers, a citizen of Alabama, executor of the will of Charles P. Gage, also at his death a citizen of Alabama, obtained a judgment in the Cir-

cuit Court of the United States for the Northern District of Illinois against David A. Gage for $3,065.92, and on the 8th of the same month filed a petition in the State court setting forth that he, as a judgment creditor of David A. Gage, claimed a lien on the property included in the trust-deed, and asking that he might be made a party defendant to the suit pending in that court, with leave to answer. The prayer of this petition was granted, and at once Ayers filed an answer setting up his judgment and averring that the trust-deed was void for want of consideration, and further, that even if found to be valid, there was but a small amount of the debt it was intended to secure still unpaid, and that there was enough of the trust property to pay his judgment after the claim of the city was satisfied. On the same day he filed a cross-bill, which was in the nature of a creditor's bill, to subject the trust property to pay his judgment. In this bill he alleged that there was nothing due from Gage to the city, and set forth with much particularity the defences which Gage had against the claim made by the city. As soon as these pleadings were filed he presented his petition, accompanied by a sufficient bond, for the removal of the suit to the Circuit Court of the United States for the Northern District of Illinois, alleging for cause that he was a citizen of the State of Alabama, and all the other parties were citizens of Illinois; "that in the said original bill there is a controversy which is wholly between the said complainants and your petitioner, and which can be fully determined as between them;" and that, as to the cross-bill, "the controversy therein is wholly between citizens of different States." The State court ordered the cause transferred, and on the 1st of May Ayers filed a transcript of the record in the Circuit Court, and had the suit docketed there. Afterwards the parties appeared, and on motion of the city the cause was remanded to the State court. From that order Ayers appealed to this court. After the appeal was docketed the city moved to dismiss because the order remanding the cause was not one from which an appeal is allowed, and because the order was not on the merits of the cause, nor a final order, judgment, or decree from which an appeal lies. This motion was submitted with the case on its merits.

There is no doubt of our jurisdiction. Sect. 5 of the act of 1875 (18 Stat., part 3, 472) is as follows: —

"That if, in any suit commenced in a circuit court, or removed from a State court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case, cognizable or removable under this act; the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just; but the order of said circuit court dismissing or remanding said cause to the State court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be."

The order appealed from in this case comes directly within the last clause of this section. It follows that the motion to dismiss must be overruled.

The original bill and cross-bill constitute one suit. *Ayres* v. *Carver*, 17 How. 591; *Ex parte Railroad Company*, 95 U. S. 221. A cross-bill, too, must grow out of the original suit. It cannot bring in new and distinct matters. It is " a proceeding to procure a complete determination of a matter already in litigation." 2 Dan. Ch. Pr. 1549, and note 2.

Ayers was permitted to make himself a party because he claimed to have acquired a lien on the trust property pending the suit. He was allowed to take part in a controversy then existing between Gage and the city. He has no dispute with Gage; neither has he any separately with the city. The most that can be said is that he and Gage have a controversy with the city as to its lien on the property, and that Gage, who is on the same side of that controversy with him, is a citizen of the same State with the city. Such being the case, the suit was not removable under the rule settled in *Removal Cases*, 100 U. S. 457.

The order of the Circuit Court remanding the cause will be affirmed; and it is

*So ordered.*