## HAZARD and others *v.* ROBINSON and others.

*(Circuit Court, D. Rhode Island.* August 4, 1884.)

1. **FEDERAL COURT—STATE COURT—REMOVAL OF CASE—FORMAL COMPLAINANTS.**

    When a party complainant to a bill in chancery has been made so, not with a view to obtain any decree in his favor, but solely for the purpose of securing the rights of other individual complainants, his being a resident of a state other than that in which the defendant resides is no cause for removal.

2. **FEDERAL COURT—STATE COURT—REMOVAL OF CASE—FROM WHAT DETERMINED.**

    The question whether there is a separate controversy warranting a removal to the United States circuit court must be determined by the state of the pleadings and record of the case at the time of filing the petition for removal, and not by the allegations of that petition.

Motion to Remand Cause.

*Amasee M. Eaton* and *Josiah Porter,* for complainants.

*Edward H. Hazard, Chas. H. Parkhurst, Elisha C. Clarke, Benj. Case,* and *Francis C. Nye,* for respondents.

Before GRAY and COLT, JJ.

GRAY, Justice. This is a motion by the complainants to remand to the supreme court of the state of Rhode Island a suit in equity removed into this court upon the petition of James A. Robinson, one of the defendants, under the act of congress of March 3, 1875, *c.* 137, § 2.

The question now before us is not whether the bill can be maintained, but whether the case should be tried in this court or the state court. The only difficulty in deciding this question arises from the clumsy and inartificial frame of the bill. So much of the bill as is material to the understanding and determination of this question is as follows: It begins by stating that it is brought by the widow and heirs at law of Jonathan N. Hazard, (some of whom are citizens of Rhode Island and the others citizens of New York, and one of whom, John C. Hazard, is described as suing "in his own right, or as trustee, or however otherwise,") and by the Narragansett Pier Company, (a corporation created in 1836 by a statute of Rhode Island,) against Attmore Robinson and Benjamin F. Robinson, citizens of Rhode Island, James A. Robinson, a citizen of New York, and others, whom it is unnecessary to enumerate. It alleges that Jonathan N. Hazard died intestate in 1878, leaving no debts, and therefore no letters of administration have been taken out on his estate; that his widow and heirs are the legal owners of the property, real and personal, forming his estate; that he owned an undivided half of the property belonging to the Narragansett Pier Company, and half of the shares in its capital stock; and that the defendant Attmore Robinson owned the other half of such property and stock. It alleges that the complainants are not informed whether any legal organization of the company was ever effected under its charter; that there have been

no meetings of the company since 1864; that by the charter such meetings can only be called by the president or by two directors; that there are not, and for a long time past have not been, any president or directors; that the charter and any organization under it are in abeyance, and consequently it is impossible to prevent the bar of the statute of limitations from giving title to the defendants, Benjamin F. Robinson and others, by adverse possession, except by making the Narragansett Pier Company a party complainant to this bill. The bill is signed by each of the heirs in person, and by the widow by attorney, and is countersigned by two members of the bar as "solicitors for complainants," but is not otherwise signed by or in behalf of the Narragansett Pier Company.  The other principal allegations of the bill are that Jonathan N. Hazard, on May 10, 1848, made a mortgage of his shares to the defendant Attmore Robinson, to secure the payment of certain notes, which were afterwards paid in full; and further, that Attmore Robinson, wrongfully and without authority, assumed to act as agent of the company, took possession of and converted to his own use all its property, and made leases and conveyances thereof, and never accounted to the company or to its members for rents and profits, or for the proceeds of sales; that under such conveyances and sundry mesne conveyances (particularly set forth in the bill) lands of the company are severally claimed by the defendants; and that these conveyances, and especially those to the defendant James A. Robinson, were fraudulent and void.  The bill prays for an account of rents and profits and other receipts of Attmore Robinson from the property of the company, and that the mortgage to him from Jonathan N. Hazard be discharged, and the other conveyances be declared void, and for further relief.

The petition for removal, which was filed seasonably and before answering the bill, was based upon the last clause of section 2 of the act of 1875, which provides that "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit into the circuit court of the United States."

The jurisdiction of this court is sought to be upheld upon two grounds:  *First*, that there is such a controversy between the petitioner, a citizen of New York, and the Narragansett Pier Company, a Rhode Island corporation; and, *second*, that there is such a controversy between the petitioner and John C. Hazard, a citizen of Rhode Island.   Upon full consideration, we are of opinion that neither of the reasons assigned is sufficient to justify this court in retaining jurisdiction of the case.

The whole object of the bill is to establish the rights of the widow and heirs of Jonathan N. Hazard in his interest in the stock or property of the Narragansett Pier Company; and that company is made

a party to the bill, not with the view of obtaining any decree in its favor, but solely for the purpose of securing the rights of the individual complainants. The bill leaves it uncertain whether the company ever was organized or had any legal existence as a corporation, and is framed with the view of asserting rights, either in its stock, if a corporation, or in its property, if a voluntary association. So far as concerns the mortgage to Attmore Robinson, that was a mortgage of Hazard's shares only, in the discharge of which neither the corporation nor any holder of other shares had any interest. So far as concerns the conveyances of corporate property alleged to have been fraudulently made by Attmore Robinson, assuming to represent the corporation, the bill is framed upon the theory that, there being no president and directors to whom application could be made to call him to account, the individual complainants, as stockholders, are entitled to proceed against him and his grantees, and to use the name of the corporation in so doing. The corporation is no more than a formal complainant, and might, perhaps more properly, have been made a defendant. *Hawes* v. *Oakland,* 104 U. S. 450; *Hazard* v. *Durant,* 11 R. I. 195; *Mason* v. *Harris,* 11 Ch. Div. 97. There is, therefore, no controversy between the corporation and such a grantee which can be fully determined as between them without the presence and participation of the real complainants. *Myers* v. *Construction Co.* 100 U. S. 457; *Ayers* v. *Chicago,* 101 U. S. 184.

The petition for removal alleges that Jonathan N. Hazard, in 1864, assigned to the complainant John C. Hazard all his property for the benefit of his creditors; that it is insufficient to pay his debts, and therefore the widow and other heirs have no interest in this suit, and the controversy is between the petitioner and the assignee, a citizen of Rhode Island. But the facts thus alleged cannot be considered. The question whether there is a separate controversy, warranting a removal into the circuit court, must be determined by the state of the pleadings and record of the case at the time of filing the petition for removal, and not by the allegations of that petition.

It appearing to the satisfaction of this court that the suit does not really involve a dispute or controversy properly within its jurisdiction, it is its duty, under section 5 of the act of 1875, to order it to be remanded to the state court.