JOHNSON RAILROAD SIGNAL CO. *v.* UNION SWITCH & SIGNAL CO.

(*Circuit Court, W. D. Pennsylvania.* June 5, 1890.)

1. EQUITY—PLEADING—CROSS-BILL.
   An original bill was for the infringement of letters patent relating to electric signals granted to Frederick Cheeswright, assignee of William R. Sykes. In a cross-bill the plaintiff therein set up, among other things, an exclusive right to the term "The Sykes System" as a trade mark or name designating a system of electric signals, and sought protection for that right. *Held,* that this was new and distinct matter not within the scope of the original bill, and must be stricken out.

2. SAME—SERVICE OF CROSS-BILL—NON-RESIDENT PLAINTIFF.
   When the plaintiff in the original bill is a corporation of another state, and has no agent or representative in the judicial district where the suit is pending other than its solicitor in the suit, an order will be made for substituted service, as respects the cross-bill, upon such solicitor.

In Equity. Motion for leave to file cross-bill, and for an order for substituted service.

*George H. Christy,* for the motion.
*William S. Pier, contra.*

ACHESON, J. 1. I am of the opinion that the cross-bill, as presented to the court, offends against the well-settled rule which forbids the introduction into such a bill of any new and distinct matter not within the scope of the original bill. *Cross* v. *De Valle,* 1 Wall. 1, 14. Here, the subject-matter of the original bill is the patent No. 241,246 granted to Frederick Cheeswright, assignee of William R. Sykes, with the infringement of which the bill charges the defendant. But the cross-bill, among

other things, sets up the right of the plaintiff therein (the defendant in the original bill) to the exclusive use of the term "The Sykes System" as a trade mark or name designating a system of electric signals, and seeks protection for that right. This, however, goes far beyond the case of the plaintiff in the original bill, is not necessary as a defense to that bill, and is, indeed, matter entirely foreign to the primary controversy. Therefore, everything relating to this alleged trade mark or name must be stricken out before the court will grant leave to file the cross-bill.

2. The defendant in the cross-bill (plaintiff in the original) being a corporation of the state of New Jersey, and having no agent or representative in this judicial district other than its solicitor in this suit, an order for substituted service as respects the cross-bill upon him is sought. The application is resisted upon the ground of the alleged invalidity of such service, and several English decisions are produced to sustain the objection. But I find it laid down in Conkling's Treatise on U. S. Courts that where a non-resident has instituted a suit in equity, and a cross-bill is filed by the defendant in the suit, the court, upon motion, will order that service of the subpœna upon the solicitor of such non-resident party shall be sufficient. Page 143. Certainly, this practice had the sanction of Judge WASHINGTON. *Ward* v. *Sebring*, 4 Wash. C. C. 472. And in *Rubber Co.* v. *Goodyear*, 9 Wall. 807, such substituted service is impliedly recognized as good, in a proper case. Why should it not be so held? A cross-bill is a mere auxiliary proceeding, either for discovery in aid of the defense against the original bill or to procure a more complete determination of the matter already in litigation in the court, or for both these purposes. Daniell, Ch. Pr. 1653. In *Ayres* v. *Carver*, 17 How. 591, 595, the court quotes with approval the declaration of Lord HARDWICKE, that "both the original and the cross-bill constitute but one suit, so intimately are they connected together." I have not been referred to any American decision adverse to this motion, and such investigation of the subject as I have been able to make leads me to the conclusion that the substituted service here asked for is in accordance with precedents of long standing in the English courts of chancery. *Geledneki* v. *Charnock*, 6 Ves. 171; *Hobhouse* v. *Courtney*, 12 Sim. 140; *Cooper* v. *Wood*, 5 Beav. 391; *Hope* v. *Hope*, 4 De Gex, M. & G. 328; *Hope* v. *Carnegie*, L. R. 1 Eq. 126. If the cross-bill is made to conform to the views expressed in this opinion leave to file it will be granted, and the motion for substituted service upon the solicitor of the Johnson Railroad Signal Company will be allowed.