Argued October 30, reversed and remanded November 13, 1917.

# HANNA v. HOPE.

(168 Pac. 618.)

**Quieting Title—Complaint—Sufficiency.**

1. A complaint alleging that plaintiff is owner and in possession of real property, and that defendants claim an interest therein, is sufficient in suit to quiet title, under Section 516, L. O. L.

**Quieting Title—Counterclaim—Foreclosing Mortgage.**

2. Foreclosure of mortgage may be decreed on defendant's cross-bill or counterclaim in suit to quiet title.

> [As to right to affirmative relief on cross-bill in suit to quiet title, see note in Ann. Cas. 1917D, 674.]

**Pleading—Counterclaim—Waiver of Objection.**

3. Plaintiff in suit to quiet title waives objection to propriety of relief demanded by counterclaim seeking to foreclose mortgage on same real estate by replying thereto, instead of demurring.

**Quieting Title—Reply.**

4. Where defendant to suit to quiet title seeks to foreclose mortgage on real estate in question by counterclaim, plaintiff may set up in reply any defensive matter he could have pleaded to complaint for foreclosure of mortgage.

**Vendor and Purchaser—Remedies of Purchaser—Election.**

5. One who has been induced to purchase real estate by fraudulent representations of vendor has an election to return what he has received and rescind the contract of purchase, or to retain what he has received and sue for damages.

**Setoff and Counterclaim—Action to Foreclose Mortgage—Recoupment.**

6. Purchaser may, in action to foreclose purchase-money mortgage, recoup damages flowing from vendor's fraud in inducing purchase for which mortgage was given.

**Pleading—Wrong Theory.**

7. A party is entitled to the relief arising under the law from the facts alleged and proved by him, though he is mistaken in his claim that they constitute an estoppel.

**Setoff and Counterclaim—Counterclaims Relating to Specific Property.**

8. Under Sections 74, 401, L. O. L., mortgagor cannot, in action to foreclose, recover money judgment by way of counterclaim for damages arising out of a purely legal claim.

**Setoff and Counterclaim—Statutory Provisions.**

9. The counterclaim, on which a defendant may have affirmative relief in an equity suit, under Section 401, L. O. L., must contain matters of equitable cognizance.

From Malheur: DALTON BIGGS, Judge.

In Banc.    Statement by MR. JUSTICE McCAMANT.

This is a suit brought by George W. Hanna against M. G. Hope and I. W. Hope, to quiet the title to one hundred and sixty acres of land in Malheur County. The complaint is in the usual form.

The answer admits plaintiff's ownership and denies that defendants claim any interest in the property except a lien thereon created by a mortgage for $15,000 executed and delivered to the defendants by plaintiff and Sarah Hanna, his wife, August 1, 1911.   On application of the defendants, Sarah Hanna was joined as a party defendant to the suit.   The answer of defendants Hope contained a counterclaim alleging the execution of the said mortgage and notes evidencing the debt which it secured; the counterclaim sets up the default of plaintiff and prays for the foreclosure of the mortgage.   The defendant Sarah Hanna alleges that the mortgage was a purchase-money mortgage and that she is therefore not personally liable for the debt.

The plaintiff filed an amended reply November 27, 1916, admitting the execution of the notes and mortgage and setting up two affirmative defenses.   In the first of these defenses it is alleged that the notes and mortgage were executed as a part of the purchase price of the property described in the complaint, together with a water right appurtenant thereto amounting to 250 inches, miner's measurement, during the irrigating season of each year.   It is alleged that the total purchase price was $20,000 and that it was paid in part by the conveyance from plaintiff to the defendants Hope of real property of the agreed value of $5,000, the notes and mortgage constituting the remainder of the price. Plaintiff avers that the purchase was induced by representations made to him by the defendants Hope that

there was appurtenant to the property water of sufficient quantity to irrigate seasonably and properly all of the lands purchased; that plaintiff had no knowledge as to the water rights aforesaid and the defendants Hope were well advised with reference thereto; that in fact there was no water right appurtenant to said property and that plaintiff had been able to use only 50 inches of water for its irrigation and that only for a few days early in the season; that if properly irrigated the land was worth $20,000, but that under the conditions obtaining it was worth only $4,000. The reply sets up that the representations of the defendants Hope were made with intent to defraud plaintiff and that plaintiff relied on these representations in making the purchase. The reply alleges a collateral agreement in writing under which plaintiff claims an abatement of the interest charge asserted in the counterclaim. This first affirmative reply concludes with these allegations:

"Plaintiff alleges, further, that by reason of the acts, omissions and representations, practices and frauds of defendants, as above set forth, the consideration for said notes and mortgage, so made and delivered, and set forth and described in 'Exhibit A,' has wholly failed and that the same were obtained by fraud, and wholly without consideration, and that defendants, as a matter of good conscience and equity, should not be permitted to maintain their alleged counterclaim as set out in their answer, nor obtain any affirmative relief whatsoever in this suit, and should be estopped from further proceedings or doings in the matter of attempting to enforce, in any manner, the provisions of said notes and mortgage, as to plaintiff, and that said notes and mortgage, should be ordered produced in court, and canceled and declared void and of no effect, as to plaintiff.

"That except as hereinbefore admitted, qualified or explained, plaintiff denies each and every allegation in said answer contained."

The second affirmative reply attempts to incorporate by reference the allegations of the previous reply and alleges that plaintiff has sustained damages in the sum of $16,000 by the acts of the defendants Hope therein averred.

The prayer of the reply asks for the cancellation of the notes and mortgage, the dismissal of the counterclaim and a judgment against the defendants Hope for $16,000.

Defendants Hope demurred to the affirmative matter in the reply for insufficiency of facts. This demurrer was sustained. The parties thereupon stipulated as to the payments made by plaintiff on the notes and mortgage and as to certain other facts. A decree was thereupon entered foreclosing the mortgage held by the defendants Hope, and plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. C. M. Crandall.*

For respondents M. G. Hope and I. W. Hope there was a brief over the name of *Messrs. Davis & Kester,* with an oral argument by *Mr. George E. Davis.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. This suit is brought under Section 516, L. O. L., which is as follows:

"Any person claiming an interest or estate in real estate not in the actual possession of another may maintain a suit in equity against another who claims an interest or estate therein adverse to him, for the pur-

pose of determining such conflicting or adverse claims, interests, or estates.''

The complaint alleges that plaintiff is the owner and in possession of the real property in question and that the defendants Hope claim an interest therein. These allegations are sufficient: *Zumwalt* v. *Madden,* 23 Or. 185 (31 Pac. 400); *Savage* v. *Savage,* 51 Or. 167, 170 (94 Pac. 182).

2, 3. The answer of defendants Hope alleges the ownership of a mortgage given them by plaintiff and on appropriate allegations prays for its foreclosure. It has been held that the foreclosure of a mortgage may be decreed on the defendant's cross-bill in a suit to quiet title or a suit to remove a cloud from the title: *Jenkins* v. *Jonas Schwab Company,* 138 Ala. 664 (35 South. 649); *Cassell* v. *Lowry,* 164 Ind. 1 (72 N. E. 640); *Newaygo County Mfg. Co.* v. *Stevens,* 79 Mich. 398, 406 (44 N. W. 852); *Switz* v. *Black,* 45 Iowa, 597. Plaintiff did not demur to the defendants' counterclaim, but replied thereto. He must therefore be deemed to have waived any objection otherwise available to him to question the propriety of the relief demanded in the instant case: *Templeton* v. *Cook,* 69 Or. 313, 317 (138 Pac. 230); *Johnson* v. *Taylor,* 150 Cal. 201 (88 Pac. 903, 907, 119 Am. St. Rep. 181, 10 L. R. A. (N. S.) 818).

4-6. With respect to the issues arising on the counterclaim, the defendants Hope became the moving parties (*Walton* v. *Perkins,* 28 Minn. 413 [10 N. W. 424, 425]), and plaintiff was entitled to set up in his reply any defensive matter to the counterclaim which he could have pleaded if the defendants Hope had filed a complaint for the foreclosure of their mortgage. The first affirmative reply alleges that the mortgage in question was a purchase-money mortgage and the purchase was

induced by fraudulent representations of the defendants Hope. The materiality of the representations, the intent to deceive and the reliance on the representations are sufficiently alleged. It has been repeatedly held in this jurisdiction that in such case the party defrauded has an election to return what he has received and rescind the contract of purchase or to retain what he has received and sue for damages: *Scott* v. *Walton,* 32 Or. 460, 464 (52 Pac. 180); *Whitney* v. *Bissell,* 75 Or. 28, 34, 35 (146 Pac. 141, L. R. A. 1915D, 257); *T. B. Potter Realty Co.* v. *Breitling,* 79 Or. 293, 304, 305 (155 Pac. 179); *Kruse* v. *Bush,* 85 Or. 394 (167 Pac. 308, 309). Plaintiff must be deemed to have elected to pursue the latter remedy. In recoupment against the claim asserted by the defendants Hope he may set up the damages alleged to flow from their fraud in inducing the purchase for which the mortgage was given: *Caples* v. *Morgan,* 81 Or. 692, 696 (160 Pac. 1154); *Kreinbring* v. *Mathews,* 81 Or. 243 (159 Pac. 75).

7. The defendants Hope are correct in their contention that this affirmative reply fails to state a good estoppel; these defendants are alleging nothing in this suit inconsistent with the representations alleged to have been made by them when plaintiff purchased the property. But the claim by plaintiff that the facts set up constitute an estoppel does not deprive him of the benefit of the facts which he pleads. It has been held that where the facts alleged constitute an estoppel they will be so treated even if they are not pleaded as an estoppel: *Carlyle* v. *Sloan,* 44 Or. 357, 369, 370 (75 Pac. 217); *Grand Prize Hydraulic Mines* v. *Boswell,* 83 Or. 1, 20 (151 Pac. 368, 162 Pac. 1063). We think the converse of this proposition is true. A party is entitled to the relief arising under the law from the facts

alleged and proved by him even though he claims for them a value which they do not possess. We think, therefore, that the lower court erred in sustaining the demurrer to this first affirmative reply.

8. The second affirmative reply stands on a different footing. It is informal in that it does not allege the facts on which the pleader relies, but refers to another part of the reply in which they are set up: *Potter* v. *Earnest*, 45 Ind. 416, 418; *Knarr* v. *Conaway*, 42 Ind. 260, 264; *National Bank of Michigan* v. *Green*, 33 Iowa, 140, 144, 146. Plaintiff is asking affirmative relief in the shape of unliquidated damages. His right to litigate this part of his claim, if it exists at all, must be predicated on Section 401, L. O. L., which is as follows:

"The counterclaim of the defendant shall be one upon which a suit might be maintained by the defendant against the plaintiff in the suit; and in addition to the cases specified in the subdivisions of Section 74, it is sufficient if it be connected with the subject of the suit. * * "

The subdivisions of Section 74 in this connection are as follows:

"A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim;

"In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

The foregoing statutes are the remedy provided by our Code as a substitute for the cross-bill in chancery: *Dove* v. *Hayden*, 5 Or. 500–502; *Maffett* v. *Thompson*, 32 Or. 546, 551 (52 Pac. 565, 53 Pac. 854). It is a principle of the chancery practice that a cross-bill must be germane to the subject matter of the original bill: 1 Bates' Federal Equity Procedure, 376; 1 Beach on

Modern Equity Practice, 433; *Cross* v. *De Valle,* 1 Wall, (68 U. S.) 1, 14 (17 L. Ed. 515); *Ayers* v. *Chicago,* 101 U. S. 184, 187 (25 L. Ed. 838); *Stonemetz Printers' Mach. Co.* v. *Brown Folding Mach. Co.,* 46 Fed. 851–853; *Johnson Railroad Signal Co.* v. *Union Switch etc. Co.,* 43 Fed. 331, 332; *Krueger* v. *Ferry,* 41 N. J. Eq. 432, 435, 436 (5 Atl. 452); *Carpenter* v. *Gray,* 37 N. J. Eq. 389, 393. After a careful search of the authorities we have found no case where in a foreclosure suit a chancery court has awarded a money judgment against the mortgagee on a cross-bill setting up damages arising out of a purely legal claim.

9. A proper interpretation of Section 401, L. O. L., harmonizes the practice in this state with the chancery practice: *Templeton* v. *Cook,* 69 Or. 313, 317 (138 Pac. 230); *Howe* v. *Kern,* 63 Or. 487, 495 (125 Pac. 834, 128 Pac. 818). The distinction between actions at law and suits in equity runs through our Code. We must assume that the word "suit" was used advisedly in Section 401. The counterclaim on which a defendant may have affirmative relief in an equity suit must contain matters of equitable cognizance. This principle is clearly announced in the concurring opinion of Mr. Justice BURNETT in *Foulkes* v. *Sengstacken,* 83 Or. 118, 136 (158 Pac. 952, 163 Pac. 311), nor does the majority opinion in that case take issue with the principle so announced. In further support of this principle, see *First National Bank* v. *Seaveard,* 78 Or. 567, 579 (152 Pac. 883). This construction of the statute is in harmony with the rule announced in *Burrage* v. *Bonanza etc. Min. Co.,* 12 Or. 169, 175, 176 (6 Pac. 766), and *Sears* v. *Martin,* 22 Or. 311, 313 (29 Pac. 890).

We think that the defendants Hope are entitled to a trial by jury on the matters alleged in the second affirmative reply and that the lower court did not err

in sustaining the demurrer thereto. The distinction between recoupment, which is the subject matter of the first affirmative reply, and a counterclaim by way of setoff, which is alleged in the second affirmative reply, is clearly and accurately stated by Mr. Justice Moore in *Krausse* v. *Greenfield,* 61 Or. 502, 507, 508 (123 Pac. 392, Ann. Cas. 1914B, 115).

The stipulation as to facts does not preclude the prosecution of plaintiff's appeal. The right of appeal is expressly reserved by the stipulation and the facts stipulated do not negative the affirmative allegations of the amended reply.

The defendants Hope are, of course, entitled to controvert the allegations of the first affirmative reply.

The decree of the lower court is reversed and the cause remanded for further proceedings not inconsistent herewith. REVERSED AND REMANDED.