Argued January 29, reversed and remanded February 26, rehearing denied March 19, 1918.

## GABEL *v.* ARMSTRONG.

(171 Pac. 190.)

**Pleading—Demurrer—Discretion of Court.**

1. Permission to amend after a demurrer is sustained should ordinarily be granted, but the matter rests in the discretion of the court, and denial of permission to amend after demurrer is sustained to affirmative matter in defendant's fourth amended answer cannot be treated as an abuse of discretion.

**Pleading—Issues—Evidence Admissible.**

2. Evidence in support of affirmative allegations of the answer to which demurrer was sustained, and which were out of the case, was properly excluded.

**Payment—Recovery—Volunteers.**

3. Where, after defendant purchased a bakery, giving a chattel mortgage to secure the purchase-money notes, and the seller induced her to pay for personal property on the premises on the ground that it was not included in the sale, defendant cannot, in a suit to foreclose the chattel mortgage, offset the amount of the payment which was not made under duress, on the ground that the property so paid for was included in the sale, for defendant was as to such payment only a volunteer.

[As to recovery of voluntary payments, see note in 94 Am. St. Rep. 408.]

Chattel Mortgages—Relief—Laches.

4.   Where such payment was made in July, 1913, and suit on the chattel mortgage was begun in October, 1914, but the payment was not set up by defendant until the filing of her fourth amended answer, on March 30, 1916, the lapse of time precluded recovery of the payment; no equity other than that arising on account of the payment appearing.

Chattel Mortgages—Pleading—Construction.

5.   While a pleading is to be construed most strongly against the pleader, the language is to be interpreted fairly and in accordance with the intent of the pleader if that intent is to be gathered from a reasonable construction of the language used; hence in a suit to foreclose a chattel mortgage given to secure notes executed for the purchase of a bakery, an answer, alleging that plaintiff, seller, misrepresented to defendant, purchaser, the profitableness of the bakery business, was a sufficient averment that the sale was induced by material misrepresentations.

Setoff and Counterclaim—Suit in Equity—Legal Demand.

6.   Where plaintiff sold defendant a bakery, misrepresenting the profits of the business, defendant's remedy on account of the misrepresentations is at law, and hence in a suit to foreclose a chattel mortgage on the property given to secure purchase-money notes, defendant cannot as a counterclaim set up the misrepresentations, for § 401, L. O. L., relating to counterclaims in equity, declares that the counterclaim shall be one on which a suit in equity might be maintained by defendant against plaintiff.

Pleading—Construction—Sufficiency.

7.   The sufficiency of a pleading is to be tested by its allegations, not by the name which the pleader has given it, and an answer in a suit to foreclose a chattel mortgage, which set up a valid defense by way of recoupment, is not subject to demurrer, though it was denominated a counterclaim.

Setoff and Counterclaim—Recoupment—Pleading.

8.   In a suit to foreclose a chattel mortgage on a bakery, given to secure purchase-money notes, defendant, the purchaser, and mortgagor, may by way of recoupment plead the seller's misrepresentations by means of which the sale was induced.

Pleading—Defenses—Demurrer.

9.   In a suit to foreclose a chattel mortgage given to secure purchase-money notes, defendant's answer, setting up by way of recoupment damages for fraudulent misrepresentations made in effecting the sale, is not subject to demurrer, although the damages alleged to have resulted from the fraud were less than the amount of plaintiff's demand, for such answer was a good defense *pro tanto*.

Chattel Mortgages—Foreclosure—Defenses.

10.   In a suit to foreclose a chattel mortgage on a bakery given to secure notes for its purchase, defendant's answer setting up that the plaintiff agreed not to conduct a bakery in that section for at least a year, but that shortly after the sale he notified customers he

would soon be engaged in the bakery business, and shortly thereafter did engage in such business to defendant's damage, is defective, not showing that plaintiff opened the second establishment within the year period.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is a suit brought to foreclose a chattel mortgage on a bakery, given to secure promissory notes of the defendant, aggregating $2,500. Payments had been made on the debt and at the time the suit was brought, the balance due was alleged to be $1,100 with interest. The defendant was permitted to file four answers. Plaintiff's demurrer to the affirmative matter in the fourth amended answer was sustained. The court refused to permit defendant to file a fifth answer and the case was tried on the complaint and the denials contained in the fourth amended answer. The decree was for plaintiff and the defendant appeals.

                              REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Sears & Ewers,* with an oral argument by *Mr. Bradley A. Ewers.*

For respondent there was a brief over the names of *Mr. B. Cole* and *Mr. C. A. Bell,* with an oral argument by *Mr. Cole.*

McCAMANT, J.—1. Error is assigned on the refusal of the Circuit Court to permit defendant to file a fifth amended answer. Permission to amend after a demurrer is sustained should ordinarily be granted, but the matter rests in the discretion of the court: *West* v. *McDonald,* 74 Or. 421, 423 (144 Pac. 655). In the case at bar we are advised by the briefs of certain matters which should have inclined the Circuit Court to be

liberal in permitting defendant to amend. These matters do not otherwise appear from the record. We cannot say that there was an abuse of the court's discretion when defendant was denied the right to file a fifth answer.

2. Error is also assigned on the exclusion of testimony offered by the defendant. This testimony tended to sustain the affirmative allegations which went out of the case on demurrer. The issues as they stood at the time of trial did not authorize the admission of this evidence.

The only other errors assigned by defendant are based on the order sustaining the demurrers to the three affirmative defenses set up in the fourth amended answer.

3, 4. The first of these affirmative defenses alleges that defendant purchased the bakery described in the mortgage from plaintiff and his co-owners for $3,000; that $500 of this sum was paid in cash and that the notes for the security of which the mortgage was given represented the remainder of the purchase price. It is then alleged that the vendors falsely represented to defendant that the purchase covered certain personal property of the reasonable value of $350, located on the premises, but that thereafter the vendors induced defendant to pay them the sum of $350 for this property. It is alleged that defendant is entitled to have this sum credited on the cause of action asserted in the complaint. The $350 was paid July 7, 1913; the suit was brought October 23, 1914, and the fourth amended answer was filed March 30, 1916. There is nothing to show that defendant acted under duress in making this payment. The payment was made at a time when the falsity of the representations had been demonstrated and when defendant labored under no

misapprehension as to the facts. She therefore paid as a volunteer and cannot recover the money: *Scott v. Ford*, 45 Or. 531, 535-545 (78 Pac. 742, 80 Pac. 899, 68 L. R. A. 469); *Eugene* v. *Lane County*, 50 Or. 468, 470 (93 Pac. 255). If she were otherwise entitled to rescind and recover the $350, lapse of time would bar her right, in the absence of some equity not disclosed by this record: *Cooper* v. *Hillsboro Garden Tracts*, 78 Or. 74, 85 (152 Pac. 488). The court did not err in holding this pleading insufficient.

5. The second affirmative answer repeats the allegations of the first defense as to the circumstances under which the notes and mortgage were executed by defendant. It is then averred:

"That in order to induce the defendant to purchase from the plaintiff, Henry Gabel and Mary Gabel, the personal property hereinabove described, the plaintiff, Henry Gabel and Mary Gabel, falsely and fraudulently represented to the defendant that many months prior to said July 5, 1913, they had been operating the said bakery; * * that they were drawing between them thirty-nine ($39.00) dollars per week as part of the running expenses of said business, and after paying all other expenses of conducting the said business were making a profit of not less than three hundred and no/100 ($300.00) dollars per month, which they were dividing among them; that said bakery business was being conducted at a large profit of not less than $300.00 per month, and would continue in the ordinary course of business to net defendant such profit * * . That each and all of the said representations were false and untrue, and were known by the plaintiff, Henry Gabel and Mary Gabel, to be false and untrue, and were made by them to the defendant for the purpose of falsely and fraudulently inducing the defendant to purchase said personal property, and that plaintiff and Henry Gabel and Mary Gabel, intended that the said defendant should rely upon said repre-

sentations, and defendant did rely thereon, and believing the same to be true made the purchase aforesaid.

"That in truth and in fact the said bakery business had not been conducted at a profit by the plaintiff and said Henry Gabel and Mary Gabel, but had in fact for some time prior to the said sale been conducted by them at a loss."

There are other allegations not necessary to be quoted. We think that the averments which we have set out sufficiently allege actionable fraud. They contain all of the elements of a valid plea as defined in *Rolfes* v. *Russel,* 5 Or. 400, 402. While the pleading is to be most strongly construed against the pleader, the language is to be interpreted fairly and in accordance with the intent of the pleader if that intent is to be gathered from a reasonable construction of the language used. Defendant plainly intended to charge that plaintiff and his co-owners represented that they were in possession of the bakery at the time of the sale; that they had been operating the bakery for many months at a profit which was specified in the representations; that in fact the bakery was conducted at a loss; that the representations were made with intent to deceive and were acted on by defendant to her injury. There can be no doubt of the materiality of the misrepresentation. The profitableness of a business is vitally related to its value and is always important from the standpoint of the purchaser.

6. This portion of defendant's pleading is denominated a counterclaim. It is clear that if defendant had sued in assertion of the rights alleged, her remedy would have been at law: 39 Cyc. 1997. This affirmative answer is therefore not good as a counterclaim in equity within the provisions of Section 401, L. O. L.

7. It is well settled, however, that the sufficiency of a pleading is to be tested by its allegations, not by the name which the pleader has given it. A pleading is not obnoxious to general demurrer if any portion of it by fair construction states a cause of action or defense: *Simpson* v. *Prather*, 5 Or. 86, 88; *Jackson* v. *Jackson*, 17 Or. 110, 112, 113 (19 Pac. 847); *Waggy* v. *Scott*, 29 Or. 386, 388 (45 Pac. 774). It is of no consequence that the pleader has misapprehended the legal effect of his allegations and claims for them conclusions not warranted: *Hanna* v. *Hope*, 86 Or. 303 (168 Pac. 618, 619); *Robinson* v. *Phegley*, 84 Or. 124, 128, 130 (163 Pac. 1166). If this portion of the answer states a defense to the suit, the Circuit Court erred in sustaining the demurrer by which it was attacked.

8. It is a well-established principle of equity jurisprudence that the mortgagor may defend against the foreclosure of a purchase-money mortgage on the ground of fraudulent representations inducing the purchase and that this defense is available where the right to rescind is waived and damages are claimed by way of recoupment: *Twitchell* v. *Bridge*, 42 Vt. 68; *McMichael* v. *Webster*, 57 N. J. Eq. 295 (41 Atl. 714, 73 Am. St. Rep. 630); *Allen* v. *Henn*, 197 Ill. 486, 494, 495 (64 N. E. 250); 27 Cyc. 1556; 19 R. C. L. 542, 543; 21 L. R. A. 324, note. Under the old chancery practice such defense could be set up by answer; a cross-bill was unnecessary to its assertion: *McMichael* v. *Webster*, 57 N. J. Eq. 295, 297, 298 (41 Atl. 714, 73 Am. St. Rep. 630). This is tantamount to holding these allegations defensive; it is well settled that affirmative relief under the chancery practice is obtainable only by cross-bill: 2 Daniel's Chancery Pleading and Practice (6 ed.), 1550; 10 R. C. L. 262.

*Twitchell* v. *Bridge,* 42 Vt. 68, 74, was a suit to fore-close a purchase-money mortgage. The answer al-leged fraudulent representations inducing the pur-chase by defendant and prayed that defendant be credited with the damages suffered by reason of this fraud. Plaintiff challenged the right of defendant to set up this defense in equity. The court said:

"The technical objection to adjusting this whole matter in this suit, is of no avail in a court of equity. It is in no sense an offset; it is a defense growing out of the same contract on which the note and the mort-gage were given, and strikes at the consideration of the note. The proof shows a partial want of con-sideration. The orator is asking the court in a pro-ceeding instituted by himself, to enforce the note for the whole nominal amount, and thus to compel the defendant to pay more than he justly or equitably owes, or else to be barred of his equity of redemp-tion. A party who asks equity must do equity. It is not in accordance with equity law to compel this de-fendant to pay for land he never had; to pay more than the orator is entitled to hold; and to compel the defendant to resort to a court of law to recover back the excess. The whole matter should be adjusted in this suit, and the defendant decreed to pay only so much as the orator is equitably entitled to receive and ultimately retain."

We are committed by two recent decisions of this court to the doctrine that on the foreclosure of a purchase-money mortgage it is competent for the de-fendant to allege fraud on the part of plaintiff in-ducing the purchase and to recoup the damages arising therefrom against plaintiff's cause of suit: *Kreinbring* v. *Mathews,* 81 Or. 243 (159 Pac. 75) ; *Hanna* v. *Hope,* 86 Or. 303 (168 Pac. 618, 619). The defendant was therefore within her rights in alleging the fraud of plaintiff and his co-owners as a defense to this suit.

9. Defendant claims damages in the sum of $750 as the result of the fraud alleged. The answer is plainly insufficient as a bar to the suit and plaintiff contends that for this reason it is demurrable. In support of this contention we are cited to *Webb* v. *Nickerson,* 11 Or. 382, 385 (4 Pac. 1126), *Case T. M. Co.* v. *Campbell,* 14 Or. 460, 469 (13 Pac. 324), *Bergman* v. *Inman,* 43 Or. 456, 464 (72 Pac. 1086, 73 Pac. 341, 99 Am. St. Rep. 771) and *Springer* v. *Jenkins,* 47 Or. 502, 507 (84 Pac. 479). In none of these opinions was the language relied on by plaintiff essential to the conclusions reached by the court. The authority of these cases is greatly impaired by the later decision of *Swank* v. *Elwert,* 55 Or. 487, 502, 503 (105 Pac. 901), which overruled *Springer* v. *Jenkins.* The case of *Bergman* v. *Inman* cites Pomeroy on Code Remedies (3 ed.), Section 608. In this text-book the following principle is announced:

"If a defense is set up as an answer to the whole cause of action, while it is in fact only a partial one * * it will be bad on demurrer."

This principle is not applicable to the answer under consideration.

In a suit for $1,100 an answer setting up fraud at the inception of the contract sued on and claiming damages in the sum of $750 by reason of the fraud cannot be treated as an attempt to answer the whole cause of suit. In a note to the section above cited, Mr. Pomeroy says:

"But this rule does not extend to an answer simply pleading a setoff less than the plaintiff's demand, since a setoff is not strictly a defense."

We think that the Circuit Court erred in sustaining the demurrer to this portion of the answer.

10. The third affirmative defense is also alleged as a counterclaim. It repeats the allegations of the first defense as to the circumstances under which the notes and mortgage were executed. It is then averred that plaintiff and his co-owners agreed with defendant that they would not, for at least a year, conduct a bakery in the section of Portland where the bakery sold was located. It is alleged that shortly after the sale plaintiff and his co-owners notified the customers of the bakery that they would soon be engaged in the same business in the same vicinity, and that shortly thereafter they did engage in the bakery business within one block of defendant's location. It is alleged that defendant failed in business as the result of this competition, and damages in the sum of $250 are claimed on this ground.

This pleading is defective in that it fails to allege a consideration for the agreement relied on and in that it fails to allege that plaintiff and his associates opened their competing bakery within a year from the date of the sale to defendant. The Circuit Court did not err in sustaining the demurrer to this portion of the answer.

The judgment is reversed and the cause remanded.

                                 REVERSED AND REMANDED.

MOORE and BENSON, JJ., concur.

BURNETT, J., Concurring Specially.—A mere defense is not as a rule available as ground for an original action. This characteristic distinguishes the second affirmative answer and puts it in the classification of pure counterclaims, for without reference to whether the chattel mortgage was due or not or already paid, the defendant could have instituted an action at law to recover damages from the plain-

tiff for the fraud he had practiced upon her immediately upon her discovery thereof. She thus had a plain, speedy and adequate remedy at law ousting the equity side of the court of jurisdiction as taught by Section 389, L. O. L., and citations in the appended note. By alleging a return or refused offer to return what she had received in the transaction, she might have used the fraud as an element in the statement of a cause of suit to rescind the contract by which she became the owner of the bakery, to cancel the notes and mortgage and to restore to her what she had paid. Again, if she had added to her present statement an averment that the plaintiff is insolvent so that a claim for damages could not be collected from him, she would have had a good answer under Section 401, L. O. L. In both cases the matter would have been of equitable cognizance and in the first an original suit could have been maintained. If the question were *res integra,* the writer would dissent from the conclusion reached by Mr. Justice McCAMANT on the ground that the answer does not state a counterclaim in equity; but as the court has decided it the other way in *Hanna* v. *Hope* and *Kreinbring* v. *Mathews* which he cites, and as the rule seems to be confined to purchase money mortgages, I concur on the ground of *stare decisis.*