Argued February 2, affirmed February 24, 1966

# ROGUE RIVER MANAGEMENT COMPANY *v.* SHAW

411 P. 2d 440

*W. W. Balderree,* Grants Pass, argued the cause for appellant. On the briefs were Balderree & Calvert, Grants Pass.

*D. F. Myrick,* Grants Pass, argued the cause for respondent. On the brief were Coulter & Myrick, Grants Pass.

Before McAllister, Chief Justice, and Perry, Goodwin, Denecke and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

Plaintiff brought an action seeking to recover the price of concrete aggregate sold and delivered to the defendant. Defendant's answer contained an affirma-

tive pleading which the trial judge submitted to the jury as a claim for recoupment. On the issue of right of recoupment the jury found for the defendant in the full amount submitted to the jury and reduced the amount of judgment for the plaintiff accordingly. Plaintiff contends that it was error to submit "recoupment" to the jury because this defense was not within the issues framed by the pleadings.

The defendant operated a concrete business. For a long period ending December 31, 1962, he purchased aggregate from a family partnership doing business as the Rogue River Sand & Gravel Company. As of January 1, 1963, the plaintiff corporation assumed operation of the sand and gravel business and defendant thereafter purchased aggregate from the plaintiff.

Plaintiff's complaint contained two causes of action for the price of aggregate sold to defendant. The first cause alleged sales in the amount of $7,148.52 to the defendant by plaintiff's predecessor and alleged assignment of the claim by the partnership to the plaintiff corporation. The second cause of action alleged $3,134.36 in sales during 1963 by the plaintiff to the defendant.

The case went to trial on a third amended answer which contained two affirmative pleadings. Before the case was submitted to the jury the first affirmative pleading was withdrawn from the jury's consideration by the trial judge and is of no concern here. The remaining affirmative pleading was captioned, "THAT FOR A SECOND ANSWER AND AFFIRMATIVE DEFENSE AND AS A SET-OFF AND SECOND COUNT OF COUNTERCLAIM, DEFENDANT ALLEGES AS FOLLOWS." This pleading alleged that defendant had purchased aggregate

from the partnership over a period of approximately eight years and that during this period, due to a mistake in the method of measuring the aggregate, defendant had been overcharged in excess of $21,000. The defendant did not claim any overcharges subsequent to 12/31/62, the date plaintiff took over from the partnership. This same pleading further alleged that plaintiff had agreed to assume the business debts of the partnership and concluded with a prayer for judgment against the plaintiff for the total amount of the overcharges, $21,462.02.

Plaintiff's reply to the affirmative pleading was a general denial of the new matter and the case went to trial on these pleadings. After both parties rested, the court found that there was no evidence to support defendant's allegation that plaintiff had agreed to assume the business debts of the partnership and that, therefore, there was no evidence to support the submission of a counterclaim to the jury. The court instructed the jury to return a verdict in favor of the plaintiff on both causes of action and submitted to the jury for its consideration—by way of recoupment as to plaintiff's first cause of action—defendant's claim of overcharge by the partnership. The jury found that the defendant was entitled to recoupment in an amount which fully offset plaintiff's claim in its first cause of action for $7,148.52.

■ "Recoupment," "set-off" and "counterclaim" are not synonymous terms. " 'Recoupment' [which was a defense at common law] is defined to be 'the keeping back and stopping something which is due.' " *Krausse v. Greenfield,* 61 Or 502, 507, 123 P 392, Ann Cas 1914B 115. The term is of French origin and means the "cutting back" of the plaintiff's claim by the defendant. Recoupment is confined to matters arising

out of and connected with the transaction upon which the action is brought. 1 Bancroft, Code Pleading § 352.

■ "Set-off" is not synonymous with recoupment only in that it is a "money demand by the defendant against the plaintiff arising upon contract and constituting a debt *independent of and unconnected with the cause of action* set forth in the complaint. Waterman, Set-Off (2 ed.) § 9." (Emphasis supplied.) *Krausse v. Greenfield,* supra at 507. As is the case with recoupment, set-off may be used to offset a plaintiff's claim but not to recover affirmatively. *McCargar et al v. Wiley,* 112 Or 215, 229 P 665. In this respect our determination of the limits of set-off is similar to the English rule. The defense of set-off was first authorized by an English statute enacted in 1729. Stat. 2 Geo. II, c. 22, § 13. But no affirmative judgment could be recovered by defendant against the plaintiff.

The right to counterclaim is provided by ORS 16.290, which provides that an answer may contain:

"* * * (2) * * * (b) A statement of any new matter constituting a defense or counterclaim, * * *"

and is limited by ORS 16.300, which provides:

"(1) The counterclaim mentioned in subsection (2) (b) of ORS 16.290 must be one existing in favor of the defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"(a) A cause of action arising out of the contract, or transaction set forth in the complaint, as the foundation of the plaintiff's claim.

"(b) In an action arising on contract, or any other cause of action arising also on contract, and existing at the commencement of the action.

"(2) * * * * *"

■■ "Counterclaim" differs in scope from "set-off" and "recoupment". Only "counterclaim" permits affirmative relief. *McCargar et al v. Wiley,* supra. A cognizable counterclaim must plead facts giving the defendant an independent cause of action against plaintiff. Recoupment and set-off may be available as defenses for the purpose of liquidating the whole or part of plaintiff's claim in situations where an independent action would not lie.

In *Caples v. Morgan,* 81 Or 693, 160 P 1154, LRA 1917B 760, the defendant counterclaimed and asked for affirmative relief. The counterclaim as such was barred by the statute of limitations. This court affirmed the trial court's decision allowing the defendant to amend his answer to one sounding in "set-off and recoupment" and to amend his prayer to the effect that plaintiff take nothing. To the same effect see *Wright et ux v. Hage et ux,* 214 Or 400, 330 P2d 342; *Dixon et ux v. Schoonover et ux,* 226 Or 443, 359 P2d 115, 360 P2d 274.

■■ In the case at bar since the defendant's claim for affirmative relief was not supported by evidence of the express promise of the plaintiff to pay the partnership debts, no counterclaim could lie against the plaintiff. However, recoupment was available to the defendant as a defense to plaintiff's first cause of action because the complaint alleged that plaintiff was the assignee of the debt owed by defendant to the partnership. The claimed right of recoupment arose out of the transaction set forth in the complaint, and ORS 80.020 provides that:

> "In the case of an assignment of a thing in action, an action or suit by the assignee is without prejudice to any setoff or other defense * * *."

Recoupment is such an "other defense."

Plaintiff argues that the nature of the second affirmative answer is to be determined by its allegations and not by its caption. With this we agree. It then argues that the allegations do not state grounds for set-off or recoupment. With this we do not agree. Plaintiff relies on numerous authorities holding that a directed verdict must be granted when pleadings are not sustained by the evidence. That is not the issue in this case. Here the allegations supported two theories but the evidence supported only one of them.

In *Hanna v. Hope*, 86 Or 303, 168 P 618, the plaintiff claimed estoppel in alleging facts that did not constitute estoppel but did constitute fraud. This court there held:

"* * * [T]he claim by plaintiff that the facts set up constitute an estoppel does not deprive him of the benefits of the facts which he pleads." 86 Or at 308.

In *Gabel v. Armstrong*, 88 Or 84, 171 P 190, defendant filed a pleading denominated a counterclaim. The court there held that although under the facts pleaded a counterclaim would not lie, the facts alleged did give a right to recoupment.

In this case defendant's affirmative pleading, by alleging overcharges arising out of the transactions on which the complaint was based, pleaded everything necessary for recoupment. The vice, if any, in his pleading was in not separately stating the promise of the plaintiff to assume the partnership debts. Such promise, if sustained by the evidence, would have given him an additional remedy—a counterclaim for recovery of a sum greater than that sought from him, the larger sum being inclusive of the amount he was entitled to offset by way of recoupment.

We need not here determine whether defendant's claim for recoupment and his counterclaim should have been separately stated, for even if this be so the issue is not before us.

█ When a complaint contains matter that constitutes several causes of action not separately stated, it is subject to a motion to strike. But if none is made, the error is waived. *Oregon v. Portland Gen. Elec. Co.*, 52 Or 502, 513, 95 P 722, rehearing denied 98 P 160; *Harvey et al v. Getchell et al,* 190 Or 205, 214, 225 P2d 391. Similarly, where two counterclaims were not separately stated but no attack was made on the pleadings for that fault, this court has held that the defect was waived by failure to demur. *Gary Coast Agency, Inc. v. Lawrey,* 101 Or 623, 628, 201 P 214.

█ As noted, this cause went to trial on the third amended answer. Defendant's first amended answer contained an affirmative pleading that for all pertinent purposes was identical to the one we are considering here. Plaintiff moved to strike this affirmative pleading in the first amended answer on the ground that it contained more than one defense not pleaded separately. The motion was denied. Plaintiff did not move against the third amended answer and now argues that ORS 16.740① prevented him from filing the same motion against the subsequent answers. This statute has no application except to the specific pleading already moved against. The interpretation

---

① ORS 16.740. "If a motion made to a judge of the court in which the action, suit or proceeding is pending is refused in whole or in part, or is granted conditionally, no subsequent motion for the same order shall be made to any other judge. A violation of this section is punishable as a contempt, and an order made contrary thereto may be revoked by the judge who made it, or vacated by the court or judge thereof in which the action, suit or proceeding is pending."

plaintiff seeks ignores the long standing rule that upon the filing of an amended pleading, the original pleadings and all motions and demurrers relating thereto cease to be a part of the record. *Wells v. Applegate,* 12 Or 208, 6 P 770; *Noonan v. City of Portland,* 161 Or 213, 88 P2d 808.②

■ In essence, the plaintiff argues that the state of the pleadings was such as to lead him to believe that the defendant had elected to stand or fall on the promise of the plaintiff to assume its predecessor's debts and that, consequently, it was not necessary to present evidence specifically dealing with the alleged overcharges. The record demonstrates that there was no element of actual surprise in this case. A review of the welter of pre-trial pleadings and orders discloses that both court and counsel knew that defendant, artfully or otherwise, was pleading, inter alia, a right to offset plaintiff's claim. Plaintiff did not request leave to re-open and offer further evidence at the time the judge explicitly discussed the issues as he saw them after both sides had rested.

The trial judge competently sifted out the proper issues, submitted them to the jury, and thus appropriately terminated the controversy between the parties.

Affirmed.

---

② We note that the plaintiff did demur to each amended answer when filed even though the demurrer in each instance was a restatement of an overruled demurrer to the previous answer.