Argued June 29, remanded July 18, 1916.

## KREINBRING v. MATHEWS.

(159 Pac. 75.)

**Mortgages—Action to Foreclose—Equitable Defense.**

1. In a suit to foreclose a purchase money mortgage, an answer, admitting the making of the mortgage, but alleging that the mortgagee falsely represented that he was the owner of the land described in the mortgage, and that it was free from all encumbrances, and that there was valuable timber on it which he owned, and that the mortgagor, relying upon such false representations, purchased and received a general warranty against encumbrances, that the purchase money, except the mortgage note in suit, had been paid, and that the out-

standing and unexpired right to cut and remove the timber amounted to more than the note, so that there was a total failure of consideration to the mortgagor's damage, if insufficient as a counterclaim, contained all the elements of a valid defensive answer, good in equity.

**Mortgages—Foreclosure—Covenants.**

2. Such outstanding and unexpired right to cut and remove timber was a breach of the covenant against encumbrances which would have to be disposed of before equity would foreclose the purchase money mortgage.

**Covenants—Seisin—Breach.**

3. An outstanding title does not breach a covenant of seisin going to a paramount right to the fee and possession until there is an eviction or something equivalent thereto.

**Covenants—Encumbrances—Breach.**

4. An outstanding mortgage breaches a covenant against encumbrances when the deed is delivered.

**Covenants—Seisin—Breach—Dower.**

5. An outstanding right of dower is not technically an encumbrance, but an interest in the fee covered by a covenant of seisin, instead of by covenants against encumbrances.

**Logs and Logging—Conveyances—Construction.**

6. A conveyance of all the timber on designated land, coupled with a condition that it should be removed within ten years from the date thereof, amounted only to a sale of all the timber the grantee could cut and remove before that date.

[As to existence of right to enter and take minerals as breach of covenant against encumbrances, see note in Ann. Cas. 1912D, 1140.]

**Appeal and Error—Remand—Leave to Apply for Further Relief.**

7. In a suit to foreclose a purchase money mortgage in which the mortgagor set up the equitable defense of the mortgagee's encumbrance created by a conveyance of the timber with the right to remove it, but where, in view of the grantee's failure to cut and remove any timber, the mortgagor's damage was but small, and it reverted within six months, the cause will be remanded and continued to the expiration of the time for removal, so that damages might then be ascertained.

From Columbia: JAMES A. EAKIN, Judge.

Department 1.    Statement by MR. JUSTICE McBRIDE.

This is a suit by Frank H. Kreinbring against L. P. Mathews and Bess Mathews, his wife, to foreclose a purchase money mortgage upon the southwest quarter of the northeast quarter and the northwest quarter

of the southeast quarter of section 25, township 6 north, range 5 west, Willamette Meridian, in Columbia County.

The answer admitted the making of the mortgage, but set up as an affirmative defense that on July 14, 1910, plaintiff falsely represented to defendants that he was the owner of the land described in the mortgage and that it was free from all encumbrances; that there was valuable timber upon the southwest quarter described in said mortgage, and plaintiff falsely and fraudulently represented that he owned said timber; that plaintiff, relying upon these false representations, purchased the tract described in said mortgage for the sum of $3,500, and received from plaintiff and his wife a general warranty therefor containing a covenant against encumbrances of all kinds; that defendant paid all the purchase price except $625, to secure which he gave the mortgage and note sued upon; that at the time said contract was entered into there was a valid and outstanding right in one M. J. Kinney to cut and remove the timber upon said southwest quarter for the term of ten years, which right does not expire until December 5, 1916; that such interest in said timber was conveyed by Kinney to the Appledale Land Company, which corporation now holds the same; that the existence of such interest was known to plaintiff, but was not known to defendants when the contract was entered into; that the value of said timber and the right to remove the same is the sum of $750; that there has been a total failure of the consideration for which said note and mortgage was given; and that plaintiff has been damaged in the sum of $750. Plaintiff replied denying the new matter in the answer, and alleged that at the time of said transfer defendants had full knowledge regarding the title to said timber.

There were findings and a decree for defendants canceling the mortgage and for costs, from which plaintiff appeals.                    REMANDED WITH DIRECTIONS.

For appellant there was a brief over the names of *Mr. Samuel M. Johnson* and *Mr. John J. Fitzgerald,* with an oral argument by *Mr. Johnson.*

For respondents there was a brief over the names of *Messrs. Bronaugh & Bronaugh,* with an oral argument by *Mr. Jerry E. Bronaugh.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. It is argued by plaintiff that the defendant's answer presents a counterclaim for unliquidated damages and nothing more, and that, such being the case, it cannot be successfully urged in this proceeding; but it is more than a mere counterclaim. It is pleaded not only as such, but also as an equitable defense. By it defendants say:

"It is true we gave this mortgage, but the consideration of the mortgage was falsely represented to be a tract of unencumbered land. We now find that there is upon it an encumbrance which diminishes its represented value to the extent of more than the amount of the mortgage. We are willing to discharge the mortgage so soon as the plaintiff shall have extinguished the encumbrance. If plaintiff declines to do this, we are entitled to have the value of the encumbrance deducted from the amount of the mortgage."

This is not like the case of an outstanding claim of title. Here is an encumbrance of record plain and incontestable which its owner declines to extinguish without compensation. In such a case, it would be extremely inequitable to require the defendant to pay

for what it is probable he will never get, and relegate him to a remedy upon a covenant against encumbrances, which covenant was broken when his deed was delivered. Conceding for the purposes of this case that the answer is insufficient as a counterclaim, it contains all the elements of a valid defensive answer, and was evidently so treated by the court below. We are of the opinion that the evidence sustains the findings of the court below as to the facts, and this conclusion leaves for our consideration the question of the sufficiency of these facts to justify the decree rendered.

2. Under most circumstances, a vendee of land will not be permitted to set up an outstanding title as a defense to a suit brought against him to foreclose a mortgage for the purchase money: *Edgar* v. *Golden,* 36 Or. 448 (48 Pac. 1118, 60 Pac. 2); *Farmers' Nat. Bank* v. *Gates,* 33 Or. 388 (54 Pac. 205, 72 Am. St. Rep. 724); *Gennes* v. *Peterson,* 54 Or. 378 (103 Pac. 515); *Abbott* v. *Allen,* 2 Johns. Ch. (N. Y.) 519 (7 Am. Dec. 554). A distinction seems to be made in some of the cases between an outstanding title which affects the seisin and goes to a paramount right in the fee and possession, and a mere encumbrance such as an outstanding mortgage. In the latter case, it has been held that the outstanding encumbrance must be disposed of before equity will foreclose the purchase money mortgage: *Van Riper* v. *Williams,* 2 N. J. Eq. 407. In *Abbott* v. *Allen,* 2 Johns. Ch. (N. Y.) 519 (7 Am. Dec. 554), Chancellor KENT, after stating that as a general rule a failure or defeat of title cannot be set up by the vendee to defeat a suit to foreclose a purchase money mortgage, uses this language:

"Perhaps an outstanding encumbrance, either admitted by the party or shown by the record, may form an exception, in cases of covenant against encum-

brances.    Some *dicta* in the books (see *Sergeant May-nard's Case,* 2 Freem. 1, 1 Ves. 88) seem to look to that point, but I have formed no opinion respecting it.''

The distinction between a defense of an outstanding title and an outstanding encumbrance is shown by contrasting two cases decided by the same court and reported in the same volume, namely, *Van Riper* v. *Williams,* 2 N. J. Eq. 407, and *Van Waggoner* v. *Mc-Ewen,* 2 N. J. Eq. 412.   In the former case the defense to the foreclosure of a purchase money mortgage was that there was an unpaid mortgage outstanding when the vendee purchased, and it was held that the plaintiff could not have a decree of foreclosure until the outstanding mortgage was disposed of.   In the latter case, the defense was that there was an outstanding title to a part of the land, and that no decree of foreclosure should be made until the plaintiff should have procured such title for defendant, or that, failing in that, the value of the tract owned by other parties should be deducted from the mortgage given for the purchase price.   The court held that defendant must rely on the covenants in his deed, there having been no eviction.   The reason for this distinction seems sound.

3–5. A covenant for title is not broken until there is an eviction or something equivalent thereto, while a covenant against encumbrances is broken when the deed is delivered if such encumbrance actually exists. In the case of *Glenn* v. *Whipple,* 12 N. J. Eq. 50, this distinction seems to be ignored, but an examination of that case shows that the defense set up was an outstanding right of dower, which, according to most authorities, is not technically an encumbrance, but an interest in the fee and covered by covenants of

seisin instead of those against encumbrances: *Johnson* v. *Elmen,* 94 Tex. 168 (59 S. W. 253, 86 Am. St. Rep. 845, 52 L. R. A. 162): *Shell* v. *Duncan,* 31 S. C. 547 (10 S. E. 330, 5 L. R. A. 821); *Bostwick* v. *Williams,* 36 Ill. 65 (85 Am. Dec. 385). In *Kuhnen* v. *Parker,* 56 N. J. Eq. 286 (38 Atl. 641), this case is noted as among those where an outstanding title is attempted to be set up as a defense to the foreclosure of a purchase money mortgage. This case (*Kuhnen* v. *Parker*) fully supports the contention of defendant in the case at bar.

6. The conveyance from Wells to Kinney purports to sell and convey all the timber upon the southwest quarter designated in the deed, coupled with a condition that it shall be removed within ten years from the date thereof, which limitations would expire on December 5, 1916. Such a conveyance amounts only to a sale of all the timber that the grantee can cut and remove before that date: *Anderson* v. *Miami Lumber Co.,* 59 Or. 159 (116 Pac. 1056). And the right created by it is an encumbrance: *Adams* v. *Reed,* 11 Utah, 480 (40 Pac. 720); *Stambaugh* v. *Smith,* 23 Ohio St. 584; *Cathcart* v. *Bowman,* 5 Pa. 317. We are satisfied that plaintiff deliberately misled defendants into believing that the timber upon the southwest quarter described was unsold, and that the purchase would not have been made or the mortgage given but for this fraudulent misrepresentation.

7. But having arrived at this conclusion, we are confronted with another difficulty. The damage which defendants are likely to suffer is largely prospective. What little testimony defendants have introduced on that subject indicates that the value of the timber is about $700, and that the grantees of Kinney assert the right, which they undoubtedly have, to remove it; but the fact remains that up to December 7, 1914, they

had not removed a stick of it, and it is possible, and even probable, that they have not done so yet and may never do so. If they remove the timber, defendants should have credit upon the mortgage for its value. If they do not remove it by December 6, 1916, defendants' damage by reason of the encumbrance will be comparatively small, and it would be manifestly unfair to allow him credit for the value of the timber with the possibility that it may within less than six months revert to him. The rule adopted in *Van Riper* v. *Williams,* 2 N. J. Eq. 407, seems to be the fair one, namely, to hold up the foreclosure until the encumbrance is extinguished. The same rule is stated, though its application was not deemed necessary, in *Kuhnen* v. *Parker,* 56 N. J. Eq. 286 (38 Atl. 641). It is one of the attributes of equity, and its chief excellency, that it will reach out and administer specific relief according to the exigencies of the particular case, and in this instance we think that absolute justice will be promoted by remanding this cause to the Circuit Court and directing its continuance there until after December 5, 1916, and then permitting the parties to frame issues by way of supplemental complaint or answer in which the actual damage done by reason of the encumbrance can be stated, litigated and ascertained. Meanwhile the costs of this appeal will abide the final determination of the suit.

REMANDED WITH DIRECTIONS.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.