Submitted on briefs January 27, reversed and remanded March 2, 1920.

## KEE *v.* CARVER.*

(187 Pac. 1116.)

**Trial—Findings of Fact to Dispose of All Issues Raised by Pleadings.**

1. In trials by the court the findings of fact must be as broad as the issues and must dispose of all questions raised by the pleadings.

**Logs and Logging—Failure to Find on Material Issues in Vendor's Action for Price of Timber held Error.**

2. In action by vendor of standing timber for balance of purchase price against purchaser who had not removed all of the timber during the period provided therefor by the contract, where purchaser's allegation that by subsequent agreement the timber on part of the tract was eliminated from the original contract, and that on account of notice from vendor purchaser had suspended operations for certain period during life of contract were denied by vendor, court's failure to make finding on the issues so raised *held* material error.

---

*The question of title and right to stranded logs or timber is discussed in a note in 43 **L. R. A. (N. S.)** 460. REPORTER.

Logs and Logging—Timber Contract Conveys Title Subject to be Defeated on Grantee's Failure to Remove Timber Within Specified Time.

3. Contract of sale of standing timber operates to convey the present title to the timber, but the estate thus created is upon condition liable to be defeated on grantee's failure to remove timber within time specified.

Logs and Logging—Purchaser of Standing Timber cannot Recover Price Paid upon Failure to Remove Timber Within Required Time.

4. Purchaser of standing timber for a cash consideration under agreement to remove within specified time cannot recover money paid, upon his title to the timber being defeated by his failure to remove the timber within the time specified therefor.

Logs and Logging—Vendor not Entitled to Balance of Purchase Price for Timber not Removed Within Specified Period Where not Cut and Manufactured into Cordwood for Purpose of Ascertaining Price as Required by Contract.

5. Where the purchase price for standing timber was to be ascertained by the actual cutting of the timber and the manufacturing thereof into cordwood which was to be measured as a basis for computation of the amount to be paid, vendor upon purchaser's failure to remove all of the timber within specified time could not recover balance of purchase price for amount not removed where such timber had not been cut and manufactured into cordwood, since vendor, relying on provision of contract requiring removal by certain date, is bound by other provision thereof as to ascertainment of price.

Logs and Logging—Vendor Required to Show Damages Suffered in Action for Purchaser's Failure to Remove Standing Timber Within Specified Period.

6. Vendor of standing timber cannot recover damages on purchaser's failure to cut and remove timber within specified period where price cannot be computed because dependent upon amount of cordwood into which timber can be manufactured, in the absence of a showing that he has suffered damages by purchaser's breach.

Logs and Logging — Vendor cannot Claim Full Contract Price as Measure of Damages for Purchaser's Failure to Remove Timber Within Specified Period and Keep Title to Timber.

7. Vendor of standing timber cannot, on purchaser's failure to remove a part of the timber within the specified period, claim the full contract price as a measure of damages for purchaser's breach in absence of showing of other damage sustained, and keep the title to the timber which reverted to him by the expiration of the period within which it was to be removed.

Logs and Logging—Complaint Insufficient to Show Damages to Vendor of Standing Timber Because of Purchaser's Failure to Remove Within Required Time.

8. In action by a vendor of standing timber against purchaser who failed to remove all of the timber within specified period, complaint alleging that vendor entered into an agreement to convey to third

party the land upon which the standing timber remained, without alleging that conveyance was actually made or that third party had performed contract entitling him to conveyance, *held* insufficient pleading of damages sustained by vendor because of purchaser's failure to remove timber within required period.

**Logs and Logging—Standing Timber Goes With General Title to Land Upon Expiration of Period of Time Provided for Removal.**

9. Where purchaser of standing timber fails to remove a portion of the timber within the required time, the standing timber goes with the general title to the land after expiration of the period provided for removal.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

The parties admit that on August 23, 1916, they entered into a contract, the salient features of which are here quoted:

"This agreement made and entered into August 23, 1916, by and between William Kee, hereinafter called the vendor, and Stephen Carver, hereinafter called the vendee, witnesseth: That for and in consideration of the payment of the moneys hereinafter specified, and the covenants and conditions hereinafter mentioned on the part of the vendee to be kept and performed, the vendor does hereby bargain, sell and convey unto the vendee, the following described property, to wit: all of the sound timber suitable for cordwood * * now standing upon" certain lands described by metes and bounds, belonging to the vendor. "The vendee hereby agrees to pay for said timber the price and sum of $1.00 per cord, stumpage."

As a means of ascertaining the amount of wood on the tract, the agreement provided for cutting two strips through the timber, measuring the wood thus obtained, and estimating the remainder; further, that if this method was not satisfactory to both parties, the vendee should cut twenty trees on the different tracts where the timber was yet standing, from which as a sample the cordage of the still uncut timber might be reckoned

and finally, if this estimate by sample was not adequate, "then, upon the amount of timber left standing, all of the remainder thereof shall be cut and payments shall be made on the first of each month (or as soon thereafter as the timber can conveniently be measured), for the timber cut during the preceding calendar month." It was further stipulated:

"The vendee hereby covenants and agrees that he will cut and remove all of the timber herein described from said premises by August 1, 1917."

Further covenants in the contract gave the vendee the right of ingress and egress by crossing other lands of the plaintiff. This instrument was signed and sealed by both parties in the presence of a subscribing witness.

After reciting the contract in full, the complaint declares in substance that the defendant, prior to August 1, 1917, cut and removed part of the wood, but there is still standing and was standing on that date a considerable portion of the timber. It is further stated that at the making of the agreement there were about 3,220 cords of sound timber suitable for cordwood within the meaning of the contract, on the lands described, and that the defendant paid only $600 on account of the purchase price, leaving a balance of $2,620. Afterwards, as averred in the complaint, the plaintiff entered into an agreement with Blaine R. Smith, covenanting to convey to him the land upon which the standing timber remained, subject, however, to the contract between the plaintiff and the defendant. The terms of this agreement with Smith are not set forth. Nor is it stated that the plaintiff has conveyed the land to Smith or that the latter has performed his part of that contract so as to be entitled to a conveyance.

Then follows this allegation:

"That by reason of the sale of the land and premises above referred to by the plaintiff to the said Blaine R. Smith and the failure of the defendant to cut and remove the timber growing and standing on the premises by August 1, 1917, the timber not cut and removed has reverted and plaintiff will lose the same and suffer the loss of the sum which the defendant agreed to pay of $1 per cord for all the timber which the defendant has failed to cut and remove within the time specified in the contract between plaintiff and defendant."

The complaint concludes with a statement of the amount which the plaintiff claims is due, as already set forth, and a demand for judgment.

The answer admits the cutting of part of the timber; that there is still standing a portion thereof on the premises, and that the defendant paid the plaintiff $600 on account of the wood. After some denials the defendant alleges in substance, that the plaintiff and Smith represented to him that they had made a contract for the sale of the land to Smith, and that they desired to retain a part of the standing timber which they marked off on the tract and which they estimated at 392 cords; and that the defendant agreed to this and did not cut any of that timber. Substantially it is alleged that the parties failed to agree about the measurement of the timber by estimating it, and that, although the defendant was delayed on account of scarcity of labor, yet prior to the expiration of the contract, Smith and the plaintiff notified him to stop cutting timber and that they would not permit any more of it to be cut on the tract; that thereafter, in August, 1917, Smith locked the gates leading into the premises, whereby the defendant's ingress thereto was cut off, and that by reason of the notices to cease cutting timber the defendant did stop cutting and hauling

for about thirty days in March and April, and finally entirely ceased to cut and haul timber on account of the closing of the gates. Predicated upon the same matter, the defendant claims that the plaintiff is estopped from asking or recovering compensation for more than the actual amount of the timber cut and taken away. The new matter in the answer was traversed by the reply.

On trial before the court without a jury the judge entered findings of fact to the effect that the contract was made as stated and set out in the complaint, in pursuance of which the defendant cut 560 cords prior to the expiration of the contract and left on the premises 948 cords, owing after deducting the $600 payment a balance of $908 due, for which as a conclusion of law it was found the plaintiff was entitled to a judgment, which was entered accordingly. The defendant appeals.                    REVERSED AND REMANDED.

For appellant there was a brief submitted over the name of *Mr. Julius N. Hart.*

For respondent there was a brief prepared and submitted over the names of *Messrs. Miller & Wilkinson* and *Mr. James P. Stapleton.*

BURNETT, J.—1, 2. One ground of error assigned is that the court did not make findings on all of the issues raised by the pleadings. It is well settled that in trials by the court the findings of fact must be as broad as the issues involved and must dispose of all those questions: *Chung* v. *Stephenson,* 50 Or. 244 (89 Pac. 386). The findings make no allusion to the denied allegation of the defendant's claim that by subsequent agreement the timber on part of the tract was eliminated from the original contract and that on account of notices

from the plaintiff and Smith he suspended operations for thirty days during the life of the contract. This of itself was material error.

3-5. As decided in *Anderson* v. *Miami Lumber Co.*, 59 Or. 149 (116 Pac. 1056), the contract here in question operates to convey the present title to all the timber on the tract, but the estate thus created was one upon condition liable to be defeated on failure of the grantee to remove the timber within the time specified. If this had been a cash transaction and the parties had agreed upon the amount of the purchase price, the defendant by paying the money in advance would have purchased at the risk of the defeat of his title by the condition subsequent, that he should remove the timber by a certain time, and he would have had no ground for recovering money from the plaintiff. So, in the instant case, on the record before us the defendant admittedly paid to the plaintiff $600, the price of 600 cords of wood. It is the defendant's misfortune if he got for that payment only 560 cords, unless some fault of the plaintiff brought about that result. But there is another condition to this contract which must be taken into consideration. In the ultimate analysis the purchase price to be paid must be ascertained by an actual cutting of the timber and manufacturing it into cordwood, which is to be measured as a basis of computation of the amount to be paid. The present action is instituted to recover the balance of the purchase price and not damages for a breach of the agreement. But under the contract pleaded, the purchase price is incapable of computation. If the plaintiff insists on the provision that the wood is to be cut and removed by August 1, 1917, he must also take the consequence of being bound by the method stipulated for ascertaining the price to be paid. As already

pointed out, this can be determined, in face of failure to agree upon estimates, only by cutting the wood and actually measuring it. The contract is executory in that respect; and until it is executed according to its terms, no action will lie for the purchase price *eo nomine.*

6, 7. Conceding that the defendant breached the contract by failing to remove the timber by August 1, 1917, still, in the absence of the means by which the price can be computed, the plaintiff must show that he suffered damages, before he can recover. If he retained title to the land and nothing else was shown, he could not, as a measure of damages, claim the full contract price and keep the title to the timber which reverted to him by the expiration of the period within which it was to be removed.

8, 9. It remains to be seen whether the allegation about the agreement with Smith alters the case. It is not stated that a conveyance was actually made to Smith. Neither is it charged that he has performed the contract entitling him to conveyance. Conceding that the title to the yet standing timber has been taken from the defendant by reversion, it does not follow that it reverted to Smith, and hence was lost to the plaintiff. In other words, the standing timber goes with the general title to the land after the lapse of Carver's interest, and it is not disclosed that Smith succeeded to the general title. For all that appears, Kee yet has the land and standing timber, in which case he cannot keep the timber and recover the purchase price. It is not apparent that the plaintiff has suffered any damages up to this time by reason of the failure of the defendant to remove the timber. The conclusion is that the judgment must be reversed and the cause remanded to the Circuit Court for further proceedings.　　　Reversed and Remanded.