Argued March 5, affirmed March 13, 1928.

# A. J. HODGES v. GEO. T. MICKLE LUMBER CO.

### (264 Pac. 850.)

**Logs and Logging—Modified Contract Held to Require Payment of Entire Price of Timber, Except Amount Paid Under Original Contract, to Obtain Credit Therefor.**

1. Under modified contract providing that credit for amount paid under original agreement on purchase price of all timber on certain land should not interfere with making of payments as provided therein until balance was reduced to such amount, purchaser must pay entire price, except such sum, in order to obtain credit therefor; original contract not being mere license to cut and remove timber.

**Logs and Logging—Cash Timber Purchaser cannot Recover Money Paid on Defeat of Title by Failure to Remove Timber Within Specified Time.**

2. Purchaser of standing timber for cash consideration under agreement to remove it within specified time cannot recover or receive credit for money paid on his title to timber being defeated by failure to remove it within such time.

**Logs and Logging—Company Agreeing to Pay Land Owner from Proceeds of Lumber Manufactured from Logs Cut by Timber Purchaser Held not Entitled to Credit for Payment Made.**

3. Lumber Company agreeing to sell, and pay land owner $2 per thousand feet from proceeds of, lumber manufactured from logs, cut from land by another such company under previous contract to purchase timber, assumed latter company's burden to certain extent, and was no more entitled to credit for amount paid on price than purchaser which failed to remove timber within time specified by contract.

Logs and Logging, 38 C. J., p. 165, n. 31.

From Multnomah: John H. Stephenson, Judge.

Department 2.

This is an action to recover the sum of $1,335.51, the balance due for timber cut upon the land of the plaintiff and his assignors, as per two contracts. The defendant tendered into court the sum of $335.51 and claims a credit of $1,000 paid at the time of the execution of the first contract.     Affirmed.

For appellant there was a brief over the names of *Messrs. Platt, Platt, Fales & Smith* and *Mr. George Black, Jr.,* with an oral argument by *Mr. I. N. Smith.*

For respondent there was a brief over the names of *Mr. L. G. Lewelling* and *Mr. Sidney Graham,* with an oral argument by *Mr. C. A. Marsh.*

BEAN, J.—On August 23, 1922, A. J. Hodges and his associates agreed to sell to the Elam Lumber Company all the timber on a certain quarter-section of land for the total price of $10,550. The Elam Lumber Company was given two years from the date of the contract to remove the timber from the land. One thousand dollars was paid on the purchase price at the time of the execution of the contract, and the balance thereof was to be paid at the rate of $2 per thousand feet as the timber was cut and removed.

On August 13, 1923, the Elam Lumber Company, under the terms of its contract was in default, in that it had cut and removed 560,000 feet of timber from the land and had not paid the $2 per thousand feet thereon provided in the contract. On that date the Elam Lumber Company, as party of the first part, George T. Mickle Lumber Company, the defendant, party of the second part, A. J. Hodges, plaintiff and D. W. Merrill and L. H. Fish, his associates who have assigned their interest in the matter to plaintiff, parties of the third part, entered into an agreement whereby the Elam Lumber Company agreed that all the lumber manufactured from the logs, cut from the real property covered by the previous contract, should be sold by the defendant, and that it should receive all payments therefor. The defendant agreed that as

the money from the sale of the timber was received by it, it would retain the sum of $2 for each thousand feet thereof, which amount it would pay the plaintiff and his assignors, who will hereinafter be referred to as plaintiff.

Thereafter the Elam Lumber Company delivered to the defendant 1,888,121 feet of lumber cut from the land which, at the rate of $2 per thousand, amounted to $3,776.24. The defendants received the proceeds thereof and paid to the plaintiff $2,440.73, leaving a balance of $1,335.51.

In defendant's amended answer, it attempted to satisfy the balance claimed due by the plaintiff, by making a tender and claiming a credit for the payment of the $1,000 made by the Elam Lumber Company at the time of the execution of the first contract. The clauses referring to this payment in the first contract, read as follows:

"Second party hereby agrees to pay first party for said timber a purchase price of ten thousand five hundred fifty dollars ($10,550) on which purchase price $1,000 has been paid upon the execution of this agreement and the balance of said purchase price shall be payable as hereinafter provided.

"It is understood and agreed that in consideration of said payment of $1,000.00 now made on said purchase price second party now has the right to go upon and cut and remove the timber from said land. Second party covenants and agrees that on or before the 10th day of each and every month hereafter it will pay to first party the sum of $2 per thousand feet for all lumber cut by second party during the preceding calendar month. Such payments to continue until the full purchase price has been paid."

The second contract stipulates as follows:

"It is understood between the parties hereto that at the present time the said parties of the first part has cut timber to the extent of $1,120.00 more than has been paid for; that the sum of $1,120.00 has been paid contemporaneously with the execution of this agreement so that said parties of the first part have a credit upon said agreement of August 23, 1922, of $1,000 above the amount of timber that has been cut at the rate of $2.00 per thousand, which credit shall not interfere with the making of payments by the parties of the second part as above provided until the total balance remaining due under said agreement of August 23, 1922, has been reduced to $1,000, whereupon no further payments shall become due or payable to the parties of the third part."

At the time of the delivery of this second contract the defendant, as it alleges, paid to plaintiff the sum of $1,120, an amount of the purchase price of the timber which had been cut up to that time. After November 11, 1924, the Elam Lumber Company removed no logs from the lands and refused to perform the contract or pay the balance of the purchase price in the contract of August 23, 1922, and became insolvent. It is alleged in the answer as follows:

"That, at the time of the said breach of the said contract of August 23rd, 1922, by the said Elam Lumber Company, there was in the hands of this plaintiff and the said D. W. Merrill and L. H. Fish as parties of the first part thereunder the sum of one thousand dollars ($1,000.00) which by the terms thereof they had received and were holding as a part of the purchase price and which had not then been applied and which has not since been applied by them to the payment of any of the stumpage removed from the said lands by the Elam Lumber Company and/or sold and delivered by the Elam Lumber Company to or through this defendant."

A demurrer to the affirmative answer, setting up the terms of the contract and by virtue thereof claiming a credit for the $1,000, was sustained. Defendant failing to plead further, the court entered judgment in favor of plaintiff and against defendant for the sum of $1,335.51 with interest. Defendant appealed.

1. By the terms of the second contract it was agreed by plaintiff that the terms of the first contract, "shall be modified particularly as to the time and manner of payment to conform to the terms of this agreement, otherwise said agreement * * shall remain in full force and effect."

The defendant became a party to the second contract of August 13, 1923. It was thereby stipulated that there was a credit upon the first agreement of $1,000 above the amount of timber that had then been cut. All of the parties mutually agreed that this credit should not interfere with the making of payment by defendant as provided "until the total balance remaining due under said agreement of August 23, 1922, has been reduced to $1,000, whereupon no further payments shall become due or payable to the parties of the third part."

In order for the defendant to obtain a benefit or credit for the $1,000 paid by the Elam Lumber Company to plaintiff upon the purchase price of the timber on August 23, 1922, pursuant to the contract of that date, it must, as per the terms of its own stipulation, pay all the total purchase price of the timber $10,550, except a balance of $1,000. This, according to its answer, it did not do, or offer to do, and the demurrer was properly sustained. This $1,000 was paid to plaintiff by the Elam Lumber Company as a part of the total consideration for the timber con-

tracted for. By the terms of the first contract the $1,000 would not take the place of the $2 per thousand feet payments until the last payment, but "such payments to continue until the full price has been paid."

Neither of the contracts stipulate only for the payment of $2 per thousand feet, for the amount of timber that may be cut; but by the original contract the Elam Lumber Company agreed to pay $10,550 for all of the timber on the quarter-section. The second contract does not change the agreement in that respect.

2. The purchaser of standing timber for a cash consideration, under an agreement to remove it within a specified time cannot recover, or receive credit for, money paid, upon his title to the timber being defeated by his failure to remove the timber within the time specified therefor in the contract of purchase: 38 C. J. 165, § 41; *Kee* v. *Carver,* 95 Or. 406 (187 Pac. 1116); *Anderson* v. *Miami Lbr. Co.,* 59 Or. 149 (116 Pac. 1056); *Kreinbring* v. *Mathews,* 81 Or. 243, 249 (159 Pac. 75).

3. It is contended on behalf of the defendant that the original contract is nothing more than a license from the owners to cut and remove the standing timber and that the contract does not require the purchaser to pay the $10,550, except upon the removal of the timber. With this construction of the contract we are unable to concur. The defendant, to a certain extent, assumes the burden of the vendee, the Elam Lumber Company. In respect to the $1,000 paid, its right is no greater than the purchaser.

It follows that the judgment of the lower court should be affirmed. It is so ordered.    AFFIRMED.

RAND, C. J., and BROWN and BELT, JJ., concur.