Argued April 21; affirmed May 10, 1932

## PARSONS *v.* BOGGIE

(11 P. (2d) 280)

*Guy C. H. Corliss,* of Portland (Joseph Hodler, of Portland, on the brief), for appellant.

*William Y. Powell* and *William L. Cooper,* both of Portland, for respondent.

CAMPBELL, J. This is an appeal from a decree of the circuit court of Washington county declaring respondent to be the owner of certain lands and the timber thereon, and restraining the defendant from entering upon said premises and from cutting and removing timber therefrom.

On May 7, 1906, a contract was entered into between the plaintiff, E. L. Parsons, and J. A. Martin, by which Parsons conveyed or agreed to convey to Martin the merchantable timber upon certain described lands, together with the right to enter upon said lands and remove the timber therefrom, "at any time."

The contract entered into is as follows:

"This *agreament* made and entered into by and *bettwen* E. L. Parsons of Gaston Oregon Party of the first part and J. A. Martin of Portland Oregon Party of the second Part, Witneseth—that E. L. Parsons party off the first part *Promis* and *agree* to Sell J.A. Martin party of the second Part all the good Merchantable Timber on his' Land being the South East quarter of Section (35) Thirty five, Range one North and five (5) West Containing (160) acres and to Warrant and Defend the *titel* to the above described Land. for the sum of *Foure* hundred and five Dollars. The *Recepet* of which is here acknowledged, $405.00 also to give the party of the second part JA Martin or his *ayers* or *asigens* the right to remove the Timber at any time and going over the property described above at any time and removing the Timber or Lumber."

Thereafter the right conferred by this contract through mesne conveyance became the property of the defendant.

No attempt to remove the timber was made by the defendant nor any of his predecessors in interest, until May, 1931.

The question presented is: What is the proper construction to be given to the words "at any time," as used in said contract? The appellant contends that these words convey a right to remove the timber in perpetuity.

The instrument was prepared by the grantee and written in its entirety in longhand. It shows on its face that the parties were not familiar with the preparation of such documents, that their knowledge of law and literature was either very limited or highly modernistic.

■■ Assuming that the foregoing instrument is a grant of the "good merchantable timber" on the premises described, it is a grant only of the merchantable timber on the land at the date of contract. *Robertson v. H. Weston Lumber Co.*, 124 Miss. 606 (87 So. 120). It does not attempt to convey any timber maturing after that date. The parties could not have had in mind a grant in perpetuity of the use of the land. The grantee had in mind that some time in the future the merchantable timber was to be removed. The time in which the removal was to be accomplished was left indefinite. The words, "at any time," could not be held to mean a perpetual right. The court must, as far as possible, construe the instrument from the words used as showing what the parties had in mind at the time of its execution. The respondent sold and the appellant bought with the understanding that the timber was to be removed. We must also take into consideration the circumstances surrounding the parties at the time the sale was made; also their attitude toward the subject matter subsequent to the execution of the contract. The evidence shows that the respondent paid the taxes for the year 1907, on both the land and the timber. There was no separate assessment made by the asses-

sor of the timber, apart from the land. In 1908 and 1911, the sheriff segregated the taxes on the timber from those on the land. The taxes on the timber for these years were paid by the Base Line Lumber Co., one of the appellant's predecessors in interest. All of the taxes for the year 1909 were paid by the respondent. The taxes for the years 1912, 1913, 1914 and 1915 were paid, one-half by the respondents and one-half by the Base Line Lumber Co. It appears that all the taxes thus paid by the appellant's predecessors in interest were thereafter refunded to the parties paying. No taxes on the land or timber were paid subsequent to the year 1915 by the appellant or any of his predecessors in interest, but were all paid, for these years by the respondent. Respondent had a right to believe that the appellant had abandoned his contract when he failed to protect his rights under it by the payment of the just share of the taxes on the timber and by demanding and receiving a refund of what he had paid.

■ The contract does not fix the time in which the timber must be removed. It therefore must be removed within a reasonable time. The authorities are not uniform, but this principle seems to be supported by the greater weight of authority. See annotations: *Shepard v. Mt. Vernon Lumber Co.,* 192 Ala. 322 (68 So. 880, 15 A. L. R. 23) ; *McGill v. Holman,* 208 Ala. 9 (93 So. 848, 31 A. L. R. 941) ; *Hickman v. Enterprise Lumber Co.,* 159 La. 270 (105 So. 340, 42 A. L. R. 641) ; *Willetts Wood Products Co. v. Concordia L. and T. Co.,* 169 La. 240 (124 So. 841, 71 A. L. R. 143).

■ Having determined that the timber must be removed within a reasonable time, the next question naturally presents itself, what is a reasonable time? This question depends upon the particular facts in each case, but none of the adjudicated cases hold that

twenty-four years would be a reasonable time in which to remove the timber from a tract of land of 160 acres. The defendant, having failed for more than twenty-four years to exercise his rights to remove the merchantable timber, has waited an unreasonable length of time. See authorities above cited.

██ When the timber is not removed within a reasonable length of time, notwithstanding that there is no forfeiture clause in the contract, it reverts to, and becomes the property of the owner of the fee of the land. Timber growing upon land is as much of a part of the real estate as the soil on which it grows. *Anderson v. Miami Lumber Co.*, 59 Or. 149 (116 P. 1056); *Hodges v. George T. Mickle Lumber Co.*, 124 Or. 515, (264 P. 850); *Coquille M. and T. Co. v. Dollar Co.*, 132 Or. 453 (285 P. 244); *Kreinbring v. Mathews*, 81 Or. 243 (159 P. 75).

Finding no error, the decree of the circuit court will be affirmed.

It is so ordered.

BEAN, C. J., BROWN and KELLY, JJ., concur.