**David Charles YOUNG, individually and as Personal Representative of the Estate of Stephen B. Young, Deceased; Stephen John Young; Ethel Ohelan; Frank L. Gaman and Pauline Gaman, Plaintiffs-Appellants,**

v.

**REYNOLDS METALS COMPANY, a corporation, Defendant-Appellee.**

No. 81–3145.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1982.

Decided Aug. 27, 1982.

George G. Vannatta, Vannatta & Petersen, St. Helens, Or., for plaintiffs-appellants.

Rick Haselton, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendant-appellee.

Before CHOY, TANG, and BOOCHEVER, Circuit Judges.

CHOY, Circuit Judge:

We must determine who has the right to timber located on property in Oregon under a reservation clause in a deed. Because the district court misapplied Oregon law in interpreting the deed, we reverse and remand.

## I. Facts

In May 1947, the Gamans executed a deed conveying 23 acres of real property in Oregon to Alcoa Mining Company in exchange for $6,000. The deed imposed the following limitations on the conveyance:

> Reserving, however, to the grantors, their heirs and assigns, the right to remove timber now upon the property above described at any time prior to the commencement by the grantee of mining operations, the grantee to give to the grantors at least six months' notice of its intention to commence mining operations.

> And reserving further to the grantors, their heirs and assigns, the right to occupy the property hereby conveyed for residential and agricultural purposes, rent free, until mining operations are commenced by the grantee or title passes from the grantee, whichever first occurs.

Reynolds Metals Company is the present owner of the property, having succeeded to Alcoa's interest in 1968. Neither Alcoa nor Reynolds has ever given notice of an intent to mine or engaged in any mining operations on the property.

In 1952, the Gamans sold the reserved rights to their daughter and son-in-law, Pauline and Stephen Young, for $10,000. Neither the Gamans nor their successors in interest have logged the property, though they paid timber taxes on the property until 1978. In 1979, the representative and heirs of the estate of Stephen Young filed an action in Oregon state court alleging that they had the right to the timber on the property and that Reynolds claimed an adverse interest.

Citing diversity jurisdiction, Reynolds removed the action to Oregon federal district court. 28 U.S.C. §§ 1332, 1441. The district court held that Reynolds was the sole owner of all the timber on the property.

## II. Standard of Review

■ In reviewing a decision in a diversity case, we will accept the construction of state law by a federal judge sitting in the state unless "clearly wrong." *See, e.g., Laguna Hermosa Corp. v. Martin*, 643 F.2d 1376, 1380 (9th Cir. 1981); *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980).

## III. Time for Removal of Timber

■ Under Oregon law, if a deed or contract provides a definite time for the removal of timber, then that language controls. Oregon courts have found a variety of reservation clauses to be sufficiently definite. *See, e.g., Sandy Holding Co. v. Ferro*, 144 Or. 466, 473–76, 25 P.2d 561 (1933) (right to remove timber from date of contract until August 1, 1932); *Coquille Mill & Tug Co. v. Robert Dollar Co.*, 132 Or. 453, 469, 285 P. 244 (1930) (right to remove timber until all merchantable timber completely logged); *Kreinbring v. Mathews*, 81 Or. 243, 249, 159 P. 75 (1916) (right to remove timber ten years from date of conveyance); *Anderson v. Miami Lumber Co.*, 59 Or. 149, 156–60, 116 P. 1056 (1911) (right to remove all timber within five years from date of instrument).

█ When a deed reserving or conveying timber rights does not specify a time for the removal of the timber, Oregon courts imply a reasonable time for removal. *See Franke v. Welch*, 254 Or. 149, 151, 458 P.2d 441 (1969); *Emerson v. Hood River County*, 223 Or. 112, 353 P.2d 247, *modified*, 223 Or. 126, 354 P.2d 74 (1960); *Parsons v. Boggie*, 139 Or. 469, 470, 11 P.2d 280 (1932). The running of a reasonable time divests the title to timber reserved in the deed. *Emerson*, 223 Or. at 119, 353 P.2d 247; *Clyde v. Walker*, 220 Or. 137, 142, 348 P.2d 1104 (1960). In *Franke*, 254 Or. at 151, 458 P.2d 441, the Oregon Supreme Court explained that this practice is based on the assumption that because the reservation of a right to remove timber affects the use and value of the land, the party conveying the property would not ordinarily intend to encumber the land beyond a reasonable time. The court noted that so long as he makes his intent clear, the conveyor can even reserve a "perpetual" right to remove timber. *Id.*

█ We must determine whether the reservation clause before us is sufficiently definite. The deed reserved the right to remove timber "at any time prior to the commencement by the grantee of mining operations, the grantee to give to the grantors at least six months' notice of its intention to commence mining operations." We can find no Oregon decision construing a term of removal that depends on a similar condition.

However, in light of the assumption as to the conveyor's intent underlying the Oregon rule, we have no difficulty concluding that the language of the reservation clause should control here. The Gamans clearly contemplated that the right to remove timber would persist until six months after Alcoa (or its assignee, Reynolds) gave notice of its intention to commence mining the land. They imposed no limits on the reserved right. Indeed, by also reserving the rights to farm and live on the land (which are more than transient activities) and by providing for the conveyance of all of these rights to their "heirs and assigns," the Ga-

mans seem to have recognized the possibility that the land might not be mined for many years.

Moreover, Alcoa and Reynolds had the power to extinguish the right to remove timber at any time. If the right to remove timber survived for more than what might seem like a reasonable period, they brought this problem upon themselves. We see little reason to invoke Oregon's reasonable-time-for-removal rule to protect a land owner which can protect itself. Also, the notice provision would lead the grantors and their successors into believing that their rights could not be terminated until six months after receipt of notice. For these reasons, we find distinguishable those cases cited by Reynolds where the land owner had no control over the encumbrance on the property, and no notice was required. *Nelson v. McKinney*, 163 Wash. 529, 1 P.2d 876 (1931); *Dunn v. Forrester*, 181 Ark. 696, 27 S.W.2d 1005 (1930).

In conclusion, the district court was clearly wrong in not enforcing the reservation clause according to its plain meaning. Oregon law supplies no support for inferring a period for the removal of the timber manifestly inconsistent with the one prescribed by the deed.

IV. *Amount of Timber Involved*

█ By the terms of the reservation clause, appellants have the right to "timber now upon" the property. Oregon courts have consistently held that the terms "all timber" or "timber" reserves only merchantable timber at the time of the deed. *See, e.g., Bross v. Peyton*, 252 Or. 482, 484, 450 P.2d 760 (1969); *Emerson*, 223 Or. at 117, 353 P.2d 247; *Arbogast v. Pilot Rock Lumber Co.*, 215 Or. 579, 586, 336 P.2d 329 (1959); *Doherty v. Harris Pine Mills, Inc.*, 211 Or. 378, 420–25, 315 P.2d 566 (1957). Because the district court concluded that Reynolds was the sole owner of the timber, it did not determine the amount of merchantable timber on the property in 1947. On remand, the court shall make this determination.

REVERSED and REMANDED.